[File No. 6759]

SAX MOTOR COMPANY, a Corporation, Respondent, v. PAUL MANN, Appellant.

(299 NW 691)

Opinion filed August 9, 1941

*G. R. Brainard* and *T. F. Murtha,* for appellant.

*C. H. Starke,* for respondent.

BURR, Ch. J. One Hirsch was the owner of a Ford car. The defendant was a dealer in Studebaker cars. On May 20, 1940, Hirsch gave defendant an order in writing for a car to be delivered to him "on or about 6/1/40, *at St. Paul*" at the total cost of $847.70; at that time he paid $10 in cash as part payment on the new car, delivered the Ford car to the defendant as additional payment, and at the appraised value of $225, agreed to pay $90 more on delivery of the car—the remainder of the purchase price to be evidenced by twenty-four promissory notes.

At the same time Hirsch gave to the defendant a written assignment and warranty of title to the Ford car, stating he "hereby sells, assigns and conveys unto Paul Mann . . . the motor vehicle described on the reverse side of this certificate . . . ;" that is, this Ford car.

The order contained the provision that the "order is not binding upon you (the defendant) until signed by your Retail Manager and approved by your Credit Department. . . . Delivery will be accepted by me at your store. . . . If said motor car is not ready for delivery as specified, the cash deposit shall be returned to me on demand together with used car deposited in part payment. . . . *For failure on my part to take this car at the time stated, you may retain my payments as liquidated damages* and you may otherwise dispose of the car without any liability to me."

This order was approved and accepted in writing by the defendant at the time it was given. At the same time, or immediately thereafter,

Hirsh requested permission for himself and wife to drive the Ford car until the new car would be delivered, which request was granted, subject to any sale thereof made by defendant in the meantime.

Hirsch arranged that either he or Frank Krank, his brother-in-law, would go to St. Paul and get the car. Later the defendant also asked Krank to bring the car from St. Paul.

On May 29, 1940, the defendant made a written "Application For Certificate Of Title By Purchaser," presented it to the Motor Vehicle Registration Department, and his title was registered that day.

On or about May 27, Hirsch entered into negotiations with the plaintiff for the purchase of a Chevrolet, agreeing to give this Ford car as part payment. The record of his testimony is as follows:

"Q. You had already transferred your certificate of title to Mr. Mann?

"A. Yes, I told them that Paul Mann has got my original certificate of title down in his place.

"Q. And you had delivered your certificate of title to Mr. Mann, had you not?

"A. Yes.

"Q. The Sax Motor Company was told at that time that you had delivered your certificate of title to Paul Mann.

"A. Yes, sir."

However, he made an affidavit wherein he stated that his certificate of title to the Ford car had been lost, and applied to the Motor Vehicle Registration Department for a duplicate, requesting the department to mail it to the plaintiff at Dickinson; and on May 30, 1940, Hirsch executed and delivered a written assignment and warranty of title of the Ford car to the plaintiff, and delivered the car to the plaintiff.

On the twenty-ninth of May, Hirsch notified the defendant that the "deal was off." The defendant refused to accede, and finding the car on the street, took possession of it.

The record shows the new Studebaker car was ready for delivery to Hirsch in St. Paul at the time agreed upon. In fact, Krank drove the car from St. Paul to Dickinson on June 1 or 2, and the car was there tendered Hirsch, who refused it.

Plaintiff thereupon commenced this action in claim and delivery.

The case was tried to a jury. Plaintiff moved for a directed verdict at the close of defendant's case, and the motion was renewed at the close of the entire case. The jury returned a verdict for the defendant, and judgment was entered thereon. Thereafter the court granted plaintiff's motion, and the defendant appeals.

The contest for the car is between the two dealers only. Much is said in the briefs about unilateral contracts, Hirsch's right of cancellation, sufficiency of consideration, liquidated damages, and the remedies which the defendant might have against Hirsch. We need not enter into these propositions. This is an action in claim and delivery. The plaintiff knew its certificate of title rested upon the false affidavit of Hirsch, and it must stand on the strength of its own title. Hirsch is not a party, nor does he seek in any way to set aside the sale to the defendant, nor demand return of his money, nor of the car. He knowingly made a false affidavit when he stated to the Motor Vehicle Registration Department his certificate of title was lost. Plaintiff could not rely upon Hirsch's apparent possession of the Ford car, and was not an innocent purchaser.

The statute requires an owner of a car to get a certificate of title from the Motor Vehicle Registration Department. This Hirsch had done. Hirsch knew he was transferring title to the defendant. In such case, he was required to indorse on his certificate of title an assignment and warranty of title, with the statement of all liens and encumbrances upon the vehicle, and to verify the same under oath. This he did. Under the statute, he was required to deliver this certificate of title to the purchaser, that is, to Mann, "in the event legal title passes to said purchaser." Subdivision b, § 6, chap 180, Session Laws of 1927, as amended by § 6, chap. 187, Session Laws of 1931. This he did.

The law requires this in the matter of motor vehicles. It is the method provided to indicate title. Without this, no one may operate his car legally on the highways of the state. "The title to personal property sold or exchanged passes to the buyer whenever the parties agree upon a present transfer and the thing itself is identified. . . ." Comp. Laws 1913, § 5535.

Title to the Ford car passed to the defendant on May 20, and of this plaintiff had notice before its transfer of title was secured.

Plaintiff argues that this sale of the Ford car was merely conditional because Hirsch was allowed to use this car thereafter. The transfer of title was absolute. The use by Hirsch thereafter was permissive.

Under the contract with the defendant, if Hirsch failed to accept the Studebaker, the defendant could retain the Ford as part payment. We are not concerned with whether this is in the nature of a penalty or liquidated damages. That is a matter between Hirsch and the defendant.

The jury found for the defendant. If there were any facts in dispute, the jury resolved them in favor of the defendant. Therefore, we state the facts in dispute, if any, from the standpoint of the defendant. Whatever discrepancies or differences there may be in the testimony are trivial—the main facts stand out prominently.

Plaintiff's motion should not have been granted unless it clearly appeared from the whole record that plaintiff was entitled to judgment as a matter of law. Baird v. Stephan, 52 ND 568, 588, 204 NW 188, 195. It was error to grant the motion. Judgment for defendant had been entered on the verdict. This was set aside, and the new judgment entered. This new judgment is vacated, and the old judgment reinstated.

CHRISTIANSON, NUESSLE, MORRIS, and BURKE, JJ., concur.