WELLS, Plaintiff-Appellee, v. BALTIMORE & OHIO
RAILROAD COMPANY, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 2058.   Decided December 21, 1949.

Mathias H. Heck, Dayton, for plaintiff-appellee.

Marshall, Harlan & Smith, P. Eugene Smith, of Counsel,
Dayton, for defendant-appellant.

## OPINION

By MILLER, PJ:

This is a law appeal from the judgment of the Common Pleas
Court for Montgomery County.  The action was one for dam-
ages arising out of a collision between the automobile being
driven by the plaintiff and a train owned and operated by the
defendant.  A jury trial was had which resulted in a general
verdict for the plaintiff for the sum of $900.00 for which judg-
ment was duly entered.  The first six errors assigned are based
upon the premise that the judgment is contrary to law and

not supported by the evidence. The appellant is contending that the court erred as a matter of law in overruling its motion for a judgment notwithsanding the verdict, for the reason that the answers to the special interrogatories are not consistent with the verdict. The special interrogatories submitted and the answers given thereto are as follows:

1. "Was defendant, The Baltimore and Ohio Railroad Company, negligent? Answer: Yes."

2. "If your answer to Interrogatory No. 1 is 'No,' you need not answer this interrogatory. If your answer to Interrogatory No. 1 is 'Yes,' then you must answer this Interrogatory. Of what did the negligence of the defendant, The Baltimore and Ohio Railroad Company, consist? Answer: No whistle, no light, no bell."

3. "Do you find from the evidence that the plaintiff, William H. Wells, failed to exercise ordinary care, for the protection of his property, in a manner that contributed, in the slightest degree, to his own damage? Answer: No."

4. "Did the operators of defendant's train sound the engine bell as it approached the crossing? Answer: No."

5. "Did the operators of defendant's train sound the engine whistle as it approached the crossing? Answer: No."

6. "As the defendant's train approached the crossing, was the engine headlight lit and shining in the direction in which the train was traveling? Answer: No."

7. "Was the plaintiff, William H. Wells, familiar with the location of defendant's railroad tracks across Western Avenue, as a result of driving over said tracks during the period of his residence in the City of Dayton, Ohio? Answer: Yes."

8. "Did the plaintiff, William H. Wells, look and listen for the approach of a railroad train from the east, when such looking and listening would have been effective immediately prior to entering upon said railroad crossing? Answer: Yes."

9. "Did the plaintiff, William H. Wells, as he approached defendant's tracks, look to the east for the approach of a train, or listen for such train, when he was far enough from the track to stop his automobile before reaching the crossing? Answer: Yes."

10. "If your answer to Interrogatory No. 8 is 'No,' you need not answer this Interrogatory. If your answer to Interrogatory No. 8 is 'Yes,' you must answer this Interrogatory. If the plaintiff, William H. Wells, had looked and listened as he approached defendant's tracks, would he have seen the engine in time to stop his automobile in a place of safety? Answer: Yes."

The purpose in submitting special interrogatories as defined by §11420-17 GC is to give either party in a case the right to demand, uninfluenced by the acts of the court, an answer upon a controlling issue without regard to the general verdict and elicit from the jury findings of fact which will test the correctness of the general verdict as returned, thus enabling the court to determine as a matter of law whether the general verdict is right in view of the jury's conclusions upon questions of fact. In giving consideration to interrogatories and answers they must be considered as a whole and any reasonable hypothesis will be indulged in in order to reconcile the answers with the general verdict. City of Cincinnati v. Frey, 3 N. P. (N. S.) 627. The court is not justified in setting aside or disregarding a general verdict on the ground of inconsistency with the special findings unless the conflict is clear and irreconcilable. **Davis v. Turner, 69 Oh St 101; Reed v. Pearl Insurance Co., 82 Oh Ap 299.** The appellant is relying upon interrogatory No. 10 and the answer thereto as support for the motion notwithstanding the verdict, and cites **C. D. & M. Electric Co. v. O'Day, 123 Oh St 638.** Judge Crawford in a well considered opinion distinguishes the facts in the case at bar from the O'Day case, supra, saying:

"It is contended that Interrogatories 8 and 10 are the same as those in the case of **C. D. & M. Electric Co. v. O'Day, 123 Oh St 638.** However, in that case the answer to the equivalent of our Interrogatory No. 8 was 'No' instead of 'Yes.' Hence, that decision is not compelling here.

"But counsel argues that that case signifies approval of such interrogatories. Their propriety was not discussed by the Court, however, they were undoubtedly proper as given in that case.

"But in the case before us the vice of Interrogatory No. 10 is inherent in the preliminary conditions attached to it and the order in which it was presented. It implies in an oblique or backhand manner the existence of a fact which the jury had already found in Interrogatories 3, 8 and 9, as well as in the general verdict, did not exist; namely, failure of the plaintiff to look.

"When No. 10 was presented defendant's counsel was asked if he did not mean the reverse of the condition stated therein, that is, that No. 10 was to be answered if No. 8 had been answered in the negative. He replied that he did not. Without this suggested change Interrogatory No. 10 is altogether illogical and confusing, and ought to have been rejected.

"Defendant's counsel argues that the answer given to No. 10 signifies that plaintiff did not look effectively as required by **D. T. & I. v. Rohrs, 114 Oh St 493.** Let us suppose the answer had been 'No' instead of 'Yes.' He could then have argued just as logically that this signifies that the looking was not effective. Hence No. 10 put the jury in an impossible dilemma.

"The purpose of interrogatories is to test the verdict, but the principal effect of Interrogatory No. 10 has been merely to add confusion.

"The answer to Interrogatories 3, 8 and 9 support the general verdict; that to No. 7 is not inconsistent with it. That to No. 10 is neither consistent nor inconsistent, because it is not understandable; at least it is not understandable to this Court."

We are in accord with the reasoning adopted by the trial court and are of the opinion that Interrogatory No. 10 should not have been submitted since it infers a fact which the jury found did not exist, by its answers to Interrogatories Nos. 8 and 9. Had the answers to these interrogatories been in the negative, then Interrogatory No. 10 would have been most appropriate. C. D. & M. El. Co. v. O'Day, supra. The motion for a directed verdict was properly overruled as evidence was offered on behalf of the plaintiff tending to support all of the material allegations of the petition.

The next question presented is whether the verdict is supported by sufficient evidence. This we must answer in the negative as one of the issues raised by the pleadings was that of ownership of the automobile. No certificate of title showing ownership to be in the plaintiff was offered in evidence as required by §6290-4 GC. The only evidence submitted tending to establish ownership was general questions and answers referring to the car as being the plaintiff's. He was never asked the direct question as to who was the owner of the automobile. The appellee contends that no objection was entered during the course of the trial as to the method of proving the ownership of the car and that it is now too late to raise the question, but the record discloses that the questions submitted which tended to establish ownership were not objectionable. To illustrate our point we shall quote several questions from the record:

"Q. * * * Mr. Wells * * *, I will ask you whether or not an engine of the Baltimore & Ohio Railway Company collided with your automobile at that time?" (R. p. 15.)

"Q. And when you stopped your automobile do you recall approximately how far you were from the nearest track?" (R. p. 16.)

"Q. Did you have your headlights on your automobile at that time?"

"Q. Were your windows open or closed?" (R. p. 17.)

"Q. What was the position of your automobile, Mr. Wells, after it was struck by the engine and the coal tender?" (R. p. 20.)

"Q. Mr. Wells, will you please describe your automobile to the jury as to make, model and style?"

"Q. In your own opinion what is the reasonable—what was the reasonable market value of your automobile immediately before this accident?" (R. p. 24.)

Since none of the questions of this nature were objectionable the appellant never had the opportunity to raise the question. We are of the opinion that the legal principles announced in the case of **Mielke, et al. v. Leeberson, 150 Oh St 528,** are controlling, wherein the court said:

"Under the plain and unambiguous language of §6290-4 GC, a court cannot recognize the right, title, claim or interest of any person in or to any motor vehicle, without the production of a certificate of title or manufacturer's or importer's certificate duly issued in accordance with the Certificate of Title Law, and any other evidence of ownership is not of sufficient weight to sustain a verdict or judgment where title must be proved as a condition precedent for the validity of such verdict or judgment."

The appellee contends, however, that special instruction No. 4 given by the court as requested by counsel for appellant assumes the ownership of the motor vehicle to be in the plaintiff-appellee; that likewise interrogatories Nos. 3, 9 and 10 assume and admit the plaintiff's ownership; that appellant cannot be permitted to raise the issue of ownership on appeal when he considered it an assumed fact in the trial court. Since Interrogatories 3, 9 and 10 have been previously quoted we shall not repeat, but will quote special instruction No. 4 as submitted by the appellant:

"Instruction to the jury No. 4. The mere fact that William H. Wells suffered damage to his motor vehicle as a result of a collision with a train operated by the defendant, does not in and of itself entitle plaintiff to recover any damages from defendant, The Baltimore and Ohio Railroad Company."

We do not think the special instruction and interrogatories submitted can be regarded as admission of ownership of the automobile in the plaintiff, but should be regarded rather as assumption of ownership. The question of proof of ownership being in issue it must meet the requirements laid down in the Mielke case, supra. The verdict is therefore against the manifest weight of the evidence and the same is ordered reversed and the cause is ordered remanded for a new trial. We find no other error in the record prejudicial to the rights of the appellant.

HORNBECK and WISEMAN, JJ, concur.