Kelley Motors, Inc., Appellant, *v.* Adams, Appellee.

(No. 484—Decided November 3, 1951.)

*Mr. Kenneth L. Rush,* for appellant.
*Mr. William T. Hicks,* for appellee.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Common Pleas Court of Clark County.

The plaintiff instituted an action in replevin to secure the possession of an automobile which had been sold to the defendant. The defendant filed an answer and cross-petition for damages in the amount of $350 and also prayed that plaintiff be ordered to deliver to him (defendant) a certificate of title for the automobile. The cause was tried to the court without the intervention of a jury. The court rendered judgment for the defendant in the amount of $1,895, together with interest, upon a showing that the automobile in question had been disposed of by plaintiff after it had been repossessed.

Plaintiff, appellant herein, has filed nine separate assignments of error, all hinging upon one question of law which was raised by the pleadings and the evidence. The determinative issue was raised on the defendant's answer and cross-petition, wherein it is alleged that on November 19, 1949, defendant purchased a new 1950 Ford automobile from the plaintiff at the list price of $1,895; that defendant, on that date, gave to the plaintiff a check in the sum of $410 and delivered to the plaintiff his old 1949 Ford automobile; that the check for $410 and his old automobile were taken as payment for the new 1950 automobile; that on such date the plaintiff, through its agents, transferred the license plate from the 1949 automobile to the 1950 automobile; that the plaintiff delivered to the defendant the 1950 automobile and in turn took possession of the defendant's old 1949 automobile; that no certificate of title was issued to the defendant for the 1950 automobile; and that the defendant did not issue to the plaintiff a certificate of title to the old 1949 automobile. The above allegations are supported by the evidence.

The evidence shows further that the 1949 automobile which was traded in had formerly been in the plaintiff's place of business under repair as a wrecked car a week prior to the consummation of the deal in question; that the defendant at that time purchased the 1949 automobile from a third person; that the trade-in value of the 1949 automobile, according to the customary practice of the plaintiff company, had to be approved by one of the officers of the company; that at the time of the delivery of the new 1950 automobile to the defendant the trade in value of the old 1949 automobile had not yet been approved by an officer of the company; that within a few minutes after the defendant drove away from the plaintiff's place of business in the new 1950 automobile, the officers of the plaintiff company discovered that the old 1949 automobile was the same wrecked automobile which had been in their place of business under repair a week prior thereto; that upon discovering this fact, the plaintiff sent its agent immediately to the defendant's residence and demanded a return of the 1950 automobile, and on the same day returned to the defendant his old 1949 automobile, together with the check in the amount of $410; that upon demand, the defendant refused to deliver possession of the 1950 automobile to the plaintiff, whereupon it instituted this action in replevin; and that after the plaintiff secured possession of the 1950 automobile, it conveyed such automobile to a third person.

The facts above stated require the application of the provisions of a section of the Ohio Certificate of Title Act (Section 6290-4, General Code), which is as follows:

"No person acquiring a motor vehicle from the owner thereof, whether such owner be a manufacturer, importer, dealer or otherwise, hereafter *shall acquire any right, title, claim, or interest in or to said motor*

vehicle until he shall have had issued to him a certificate of title to said motor vehicle, or delivered to him a manufacturer's or importer's certificate for the same; nor shall any waiver or estoppel operate in favor of such person against a person having possession of such certificate of title or manufacturer's or importer's certificate for said motor vehicle for a valuable consideration. *No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle,* hereafter sold or disposed of, or mortgaged or encumbered, *unless evidenced by a certificate of title* or manufacturer's or importer's certificate duly issued, in accordance with the provisions of this chapter." (Emphasis ours.)

Numerous cases have been decided by the reviewing courts of this state applying the provisions of this section. The court does not deem it necessary to discuss all these cases. The latest pronouncement of the Supreme Court is found in *Kelley Kar Co.* v. *Finkler,* 155 Ohio St., 541, 99 N. E. (2d), 665, which was an action in replevin. The third paragraph of the syllabus is as follows:

"Under the provisions of Section 6290-4, General Code, an Ohio court cannot recognize the right, title, claim or interest of any person in or to any motor vehicle sold or disposed of or mortgaged or encumbered in Ohio after the effective date of that section of the Code unless such right, title, claim or interest is evidenced by a certificate of title or manufacturer's or importer's certificate duly issued in accordance with the provisions of the Certificate of Title Act."

The court, in the *Finkler case,* on page 547, states:

"In *Mielke* v. *Leeberson,* 150 Ohio St., 528, 83 N. E. (2d), 209, 7 A. L. R. (2d), 1342, this court held that the language of Section 6290-4, General Code, means exactly what it says."

The court then quotes the syllabus of the *Mielke case* and on page 548 states:

"Since 'the right, title, claim or interest of' plaintiff 'in or to' the motor vehicle here asserted is not evidenced by 'a certificate of title or manufacturer's or importer's certificate,' that claim of right cannot be recognized and the plaintiff cannot prevail in this action."

The effect of the latest ruling of the Supreme Court is that the possession of a certificate of title is the *sine qua non* to the assertion of any right, title, claim, or interest in or to any motor vehicle. This court is in accord with the reasoning of Judge Carpenter of the Court of Appeals of the Sixth Appellate District, as stated in *Crawford Finance Co.* v. *Derby,* 63 Ohio App., 50, 25 N. E. (2d), 306, and *Associates Investment Co.* v. *LeBoutillier,* 69 Ohio App., 62, 42 N. E. (2d), 1011.

In the *Derby case,* on page 54, Judge Carpenter stated:

"On the other hand, from the whole scheme of the Certificate of Title Act, especially the sections quoted above, it is apparent that the Legislature intended to set up one and only one method by which liens on or titles to a motor vehicle could be acquired. To a purchaser, it makes a certificate of title issued by a clerk of courts on a proper application, accompanied by the preceding certificate, either manufacturer's or owner's, the *sine qua non* to any right or title therein."

In the case at bar, plaintiff at all times held the certificate of title to the new 1950 automobile. Under the provisions of Section 6290-4, General Code, the defendant, since he did not possess the certificate of title to the automobile, did not acquire any right, title, claim, or interest in or to such automobile, and the court, under the provisions of that section, could not

recognize any right, title, claim, or interest of the defendant thereto, on the ground that the defendant's interest was not evidenced by a certificate of title. By application of the law laid down in the *Finkler case*, we are of the opinion that the plaintiff in the instant case was entitled to the possession of the 1950 Ford automobile.

The failure of the defendant to obtain possession of a certificate of title to the 1950 automobile appeared in the pleadings. The plaintiff demurred to the first amended answer and cross-petition and also to the defendant's second amended answer and cross-petition, which demurrers were overruled. The plaintiff assigns as error the action of the trial court in overruling the demurrers. Since the plaintiff pleaded over and went to trial, it cannot now predicate error on the action of the trial court in overruling such demurrers. However, the defendant's evidence did not rise higher than his pleading and the trial court committed prejudicial error in rendering judgment for the defendant. The judgment was not sustained by sufficient evidence and was contrary to law. The court coming now to render the judgment which the trial court should have rendered, enters judgment for the plaintiff.

*Judgment reversed.*

HORNBECK, P. J., WISEMAN and MILLER, JJ., concur.