ZOLOTO, D. B. A. ZOLOTO MOTOR SALES, APPELLEE, *v.*
SCOTT ET AL., D. B. A. OHIO MOTORS, APPELLANTS.

(No. 1111—Decided June 16, 1959.)

Mr. *Andrew W. Cherney*, for appellee.
Messrs. *Brown, Hoehler & Grevey*, for appellants.

O'CONNELL, J.   The plaintiff, appellee herein, filed a re-
plevin action in the Common Pleas Court of Butler County, Ohio,
seeking to recover from the defendants Earl Scott and James
Hyde, doing business as Ohio Motors, appellants herein, posses-
sion of a 1955 Oldsmobile four-door sedan.   The action involves
several attempts to buy, to sell, and to transfer title to the auto-
mobile.

Ben Zoloto purchased the Oldsmobile four-door Riveria,
model 98, manufacturer's serial No. 559 M 38029, from Peffly
Motors, Elkhart, Indiana, at an auction sale in Fort Wayne,
Indiana, for $2,150, on September 4, 1956.   At that time the ap-
plication to transfer the title bore no name as the assignee, the
purchaser thus becoming the owner of a so-called "open" title
to the automobile.   The application was signed by C. A. Grady,
one of the owners of Peffly Motors, but the signature of C. A.
Grady was not notarized.   Thereafter, the automobile was tak-
en to Chicago, where it was placed on the used car lot of the
plaintiff.   Later on, on or about October 1, 1956, the plaintiff
arranged to sell the automobile to the Connersville Auto Sales,

Inc., and an agent of Connersville Auto Sales, Inc., Edward Holliday, came to Chicago, took the car, and gave the plaintiff a check in the sum of $2,250.

At that time, the plaintiff, considering the certificate of title as lost, called Peffly Motors to get a lost certificate of title for the automobile. As it later appeared, the certificate of title was within the automobile itself. The aforementioned Edward Holliday drove the automobile to Connersville, Indiana. Later on, the check in the sum of $2,250, given to the plaintiff by the Connersville Sales, Inc., was dishonored by the bank. Thereupon, the plaintiff informed Connersville Auto Sales, Inc., that he would come to Connersville, Indiana, to repossess the car on October 8, 1956. However, before the plaintiff had arrived at Connersville, Indiana, on October 8, 1956, Connersville Auto Sales, Inc., had sold and delivered possession of the automobile to Ohio Motors.

The evidence reveals also that, though Edward Holliday acted as notary for Charles A. Grady, a partner in Peffly Motors, the latter had never done business with Earl Scott or James Hyde, doing business as Ohio Motors, had not even known them, and had not been in Connersville, Fayette County, on October 8, 1956. Likewise, there was testimony that the words, "Fayette County, Indiana," had been inserted in the application for transfer of title in the original certificate of title from Peffly Motors to .......... There was further testimony by James Burke (president of Connersville Auto Sales, Inc.) that Edward H. Holliday had the original title, which as already indicated was defective, in his possession. Also, it may be assumed that the name of Ohio Motors had been written in as assignee in the application for transfer of title in the original certificate.

In the opinion of this court, the application for transfer of title in the certificate of title from Peffly Motors to the plaintiff was never fully executed. First, the name of the plaintiff had not been inserted as the assignee; secondly, the signature of the assignor, Charles A. Grady, had never been properly notarized. It is difficult to understand how title to the automobile could have been transferred to the plaintiff under the circumstances. Especially is this true in view of Section 4505.04, Revised Code, which is as follows:

"No person acquiring a motor vehicle from the owner thereof, whether such owner is a manufacturer, importer, dealer, or otherwise, shall acquire any right, title, claim, or interest in or to said motor vehicle until such person has had issued to him a certificate of title to said motor vehicle, or delivered to him a manufacturer's or importer's certificate for it; nor shall any waiver or estoppel operate in favor of such person against a person having possession of such certificate of title, or manufacturer's or importer's certificate for said motor vehicle, for a valuable consideration.

"No court in any case at law or in equity shall recognize the right, title, claim, or interest of any person in or to any motor vehicle sold or disposed of, or mortgaged or encumbered, unless evidenced:

"(A) By a certificate of title or manufacturer's or importer's certificate issued in accordance with Sections 4505.01 to 4505.19, inclusive, of the Revised Code.

"(B) By admission in the pleadings or stipulation of the parties."

Of course it follows that if the title were not in the plaintiff the plaintiff could not have transferred the title to Connersville Auto Sales, Inc. So, in 60 Corpus Juris Secundum, 178, Section 42, we find that:

"The holder of a void certificate has no title and can pass none to a third person" (*Winship* v. *Standard Finance Co.*, 40 Ariz., 382, 12 P. (2d), 282; *Sax Motor Co.* v. *Mann*, 71 N. D., 221, 299 N. W., 691). And the title that the latter attempted to transfer to the defendant was void because the application for the transfer of title in the certificate of title had been fraudulently notarized. Moreover, the check that Connersville Auto Sales, Inc., had given in payment to the plaintiff for the automobile had been returned, marked "insufficient funds." Therefore, there is no title to the automobile in the defendants. Nor does their obtaining an Ohio certificate of title result in their having a legal title to the automobile, for that certificate was based upon fraud and misrepresentation and was in violation of Section 4505.19, Revised Code of Ohio. The defendants do have possession of the automobile and, although "possession of a motor vehicle is only prima facie evidence of title and presumptive

proof that the possession is rightful'' (60 Corpus Juris Secundum, 180, Section 42), no action in replevin lies against them by any except the holder of the legal title (Peffly Motors).

The authorities are in complete agreement that the right, title or interest of anyone in an automobile depends entirely on the possession by that person of a certificate of title or a manufacturer's or importer's certificate issued in accordance with the Certificate of Title Law. So, in *Standard Materials, Inc.*, v. *Massachusetts Fire & Marine Ins. Co.*, 42 Ohio Opinions, 447, paragraph two of the headnotes states:

''Under the provisions of Section 6290-4, General Code, no person may acquire nor may any court recognize ownership of a motor vehicle without a certificate of title.''

Also, in *Wells* v. *Baltimore & Ohio Rd. Co.*, 58 Ohio Law Abs., 225, 97 N. E. (2d), 75, the court, adopting the language of *Mielke* v. *Leeberson*, 150 Ohio St., 528, 83 N. E. (2d), 209, 7 A. L. R. (2d), 1342, held, that:

''Under the plain and unambiguous language of Section 6290-4, General Code, a court cannot recognize the right, title, claim or interest of any person in or to any motor vehicle without the production of a certificate of title or manufacturer's or importer's certificate duly issued in accordance with the Certificate of Title Law, and any other evidence of ownership is not of sufficient weight to sustain a verdict or judgment where title must be proved as a condition precedent for the validity of such verdict or judgment.''

Most significant of all the cases in this matter, for the reason that it, as a replevin action, is closely akin to the case before this court, is *Kelley Kar Co.* v. *Finkler*, 155 Ohio St., 541, 99 N. E. (2d), 665. The court, following *Smith* v. *Barrick*, 151 Ohio St., 201, 85 N. E. (2d), 101, said: ''This is an action for replevin of personal property. In such an action, the plaintiff must rely upon his own title or right to immediate possession and cannot prevail by reliance on the weakness of the title or right of possession of the defendant.''

That no other evidence of ownership can take the place of the certificate of title is apparent in *Beyer* v. *Miller*, 90 Ohio App., 66, 103 N. E. (2d), 588, paragraph one of the syllabus, as follows:

"By virtue of Section 6290-4, General Code, a certificate of title is made the exclusive evidence of ownership of a motor vehicle, and no right or title otherwise proven can be recognized by the courts."

And in *Kelley Motors, Inc.*, v. *Adams*, 91 Ohio App., 68, 107 N. E. (2d), 363, it is stated: "* * * the possession of a certificate of title is the *sine qua non* to the assertion of any right, title, claim or interest in or to any motor vehicle."

It is therefore the opinion of this court that the title to the automobile is not lodged in the plaintiff, in Connersville Auto Sales, Inc., or in Earl Scott and James Hyde, doing business as Ohio Motors; and that the legal title to the automobile is still in Peffly Motors.

The judgment of the Court of Common Pleas of Butler County is, therefore, reversed, and final judgment, dismissing the action, is hereby ordered, at the costs of the plaintiff.

Judgment entry may be presented in accordance with this opinion.

*Judgment accordingly.*

MATTHEWS, P. J., concurs.