In re William Norman TROY, Bankrupt.

MENTOR LAGOONS MARINA, Petitioner-Appellant,

v.

Myron WASSERMAN, Trustee, Respondent-Appellee.

No. 73–1287.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 26, 1973.

Decided Jan. 15, 1974.

---

Albert C. Nozik, Nozik & Nozik, Mentor, Ohio, on brief, for petitioner-appellant.

Lawrence I. Byrnes, Spieth, Bell, McCurdy & Newell, Cleveland, Ohio, on brief, for respondent-appellee.

Frank Fetchet, Cleveland, Ohio, on brief for amicus curiae, National City Bank of Cleveland.

Before WEICK, EDWARDS and LIVELY, Circuit Judges.

WEICK, Circuit Judge.

This case arose in the Bankruptcy Court and involved the title to a sailboat which at one time had belonged to William N. Troy, who was adjudicated a bankrupt on February 8, 1972.

The Trustee in Bankruptcy filed an application in the Bankruptcy Court to sell the boat. He made as parties defendant to the application The National City Bank of Cleveland (Bank), Albert C. Nozik (Nozik), and Mentor Lagoons Marina (Marina). He alleged in the application to sell that the Bankrupt Troy was the owner of the boat; that the Bank had a security agreement noted as a lien on the Certificate of Title to the boat; that Nozik and Marina may have a lien or claim, the details of which were unknown to the Trustee; and that there is a reasonable prospect that a surplus will be left for the Bankrupt's estate upon the sale of the boat. He prayed for an order of sale free from liens, which liens would be transferred to the proceeds of sale.

Upon the filing of the application to sell, the Bankruptcy Court entered an *ex parte* order requiring the defendants to show cause why the Trustee should not be permitted to sell the boat free from liens.

Marina filed an answer to the application to sell, alleging that it, and not the Trustee in Bankruptcy, was the owner of the boat, and prayed that the application to sell be dismissed.

The Bankruptcy Court, after hearing, adopted findings of fact and conclusions of law holding that the Trustee in Bankruptcy was the owner of the boat, and ordered that the Trustee sell the boat.

The boat was appraised for $10,000, and later was sold for $7,500.

Upon review by the District Court, the decision of the Bankruptcy Court

was affirmed. Marina appealed. We reverse.

In determining the issues we accept the findings of fact of the Bankruptcy Court, which findings were adopted by the District Court. We reject only its conclusions of law.

Troy acquired the boat in 1969. He borrowed from the bank $10,605, to enable him to purchase it, and he executed and delivered to the Bank a Security Agreement which was duly noted as a lien on his Certificate of Title.

On March 11, 1971 the loan to the Bank was in default, with an outstanding balance of $7,582.23.

On July 1, 1971 Marina addressed a letter to the Bank enclosing a check for $707, a copy of which letter is as follows:

MENTOR LAGOONS MARINA

"Paradise of the Great Lakes"

HARBOR DRIVE,        MENTOR, OHIO 44060

July 1, 1971

Mr. Zammerra
National City Bank of Cleveland
623 Euclid Avenue
Cleveland, Ohio 44114

Re:  Account of William Troy

Dear Mr. Zammerra:

Pursuant to our telephone conversation of June 30, 1971, we herewith enclose our check #4993 in the sum of $707.00 representing four (4) monthly payments @ $176.75 on account of William Troy.

Said payment will be accepted by you upon the following conditions:

1. That you have in your possession the Certificate of Title executed by William Troy, properly notarized, assigning title to the 27' Tartan boat built in 1966, together with all furnishings and equipment thereon or intended for said boat, to Mentor Lagoons Marina. The assignee, Mentor Lagoons Marina, may be omitted and left blank.

2. Mentor Lagoons Marina will either pay to you the monthly installments as they become due or the prepayment balance which may be due at the time the boat is sold by Mentor Lagoons Marina.

3. Upon payment to you of the balance due, you will deliver to Mentor Lagoons Marina the Certificate of Title to said boat and equipment free and clear of all liens and encumbrances.

Should there be any question with reference to any of the items contained herein, please call the writer. May we please have your acknowledgement.

Very truly yours,

MENTOR LAGOONS MARINA
/s/ Albert C. Nozik
                 s
Albert C. Nozik

ACN:eas
enclosure

Three weeks later, on July 21, 1971, the Bank, acting pursuant to the instructions contained in the letter, arranged to have Troy execute the assignment portion of the Certificate of Title with the name of the assignee thereof left blank. Troy's signature thereon was acknowledged before a Notary Public.

Marina continued to make monthly payments to the Bank. On the date of bankruptcy, February 8, 1972, there was a balance due to the Bank of only $5,475.73. On March 16, 1972 Marina paid to the Bank the balance due amounting to $4,940.33. The Bank then inserted in the blank space on the Certificate of Title the name of Marina as assignee, and delivered the Certificate of Title to Marina. Marina applied to the Clerk of the State Court for a new Certificate of Title, which was issued to it on May 3, 1972.

It was the theory of the Trustee in Bankruptcy that the assignment on the Certificate of Title, executed by Troy seven months before bankruptcy, was invalid merely because the name of the assignee was left blank; that Marina, in making the payments to the Bank was a pure volunteer; and that the Bankrupt's estate is entitled to be enriched to the extent of the entire proceeds of sale, free from the Bank's lien which Marina paid.

■ We have consistently held that the Trustee in Bankruptcy stands in the shoes of the Bankrupt. He also stands in the position of an execution creditor. He is not an innocent holder for value, but takes title to the property of the Bankrupt subject to all liens and equities. In Re Alikasovich, 275 F.2d 454 (6th Cir. 1960), aff'd sub nom. Lewis v. Manufacturers Nat'l Bank, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323 (1961); In Re Easy Living, Inc., 407 F.2d 142, 144 (6th Cir. 1969).

■ As we view the transaction between the Bank, Troy and Marina, under the letter dated July 1, 1971 there was a relinquishment by Troy of any interest which he had in the boat and a contract of sale to Marina. The consideration was Marina's payment of the $707-check and the assumption of the monthly payments on the Bank's security agreement. It constituted a novation. At the time of the transaction the Bank's loan was in default. The Bank could have foreclosed its lien. It is obvious that Troy executed the assignment because he was unable to make the payments on his obligation to the Bank, and that he had little, if any, equity in the boat. The fact that the Trustee sold the boat for $7,500 indicates rather clearly that neither Troy nor the Trustee had any equity in the boat.

■ The assignment in blank on the Certificate of Title constituted the Bank as the holder of the Certificate under Ohio law. Ohio Rev.Code § 1301.01(T). United States v. Milton, 382 F.2d 976 (6th Cir. 1967).

The Bank had authority to fill in on the Certificate the name of the person to whom the boat was sold. Burke v. Jenkins, 128 Ohio St. 86, 190 N.E. 238 (1934).

When the Bank received the Certificate of Title with the assignment in blank, it continued to hold the Certificate as security for the payment of the balance due to it from Marina, and upon payment in full it then inserted Marina's name in the blank space as assignee of the Certificate, and delivered the Certificate to Marina. The fact that bankruptcy intervened vested no rights in the Trustee because Troy had relinquished his title to the boat on July 21, 1971, seven months prior to bankruptcy. Such relinquishment did not affect the rights of creditors of the Bankrupt because Troy had no equity in the boat.

Even if the assignment were defective (which it was not), Marina upon payment of the lien of the Bank would be subrogated to the rights of the Bank to the lien. 50 Ohio Jur.2d Subrogation, § 25, p. 412.

After Troy executed the assignment in blank and delivered to the Bank the

Certificate of Title, he could never prevail in any action in replevin which he might bring against the Bank on the theory that he still was the owner of the boat. The Trustee in Bankruptcy, standing in the shoes of the Bankrupt, is in no better position.

The Trustee is attacking Marina's title on the basis of its weakness, rather than on the strength of his title as Trustee; but the trouble is that the Trustee has no title.

Zoloto v. Scott, 111 Ohio App. 372, 160 N.E.2d 318 (1959), relied on by the District Court, involved a fraudulent Notary's acknowledgment on the application for a certificate of title. Fraud had been practiced on the seller by obtaining his certificate of title with an N.S.F. check. The case is inapposite.

In Kelley Motors, Inc. v. Adams, 91 Ohio App. 68, 107 N.E.2d 363 (1951), cited by the Bankruptcy Court, the Court said:

> The effect of the latest ruling of the Supreme Court is that the possession of a certificate of title is the *sine qua non* to the assertion of any right, title, claim or interest in or to any motor vehicle. (*Id.* at 72, 107 N.E.2d at 365.)

The Trustee in Bankruptcy never had actual or constructive possession of the Certificate of Title; nor has he been in possession of the boat. Marina at all times has been in possession of the boat.

The Ohio statute recognizes that waiver or estoppel may be asserted against a person who does not possess a certificate of title. Revised Code of Ohio § 1548.04 provides in pertinent part as follows:

> No person acquiring a watercraft or outboard motor from the owner thereof, whether such owner is a manufacturer, importer, dealer, or otherwise, shall acquire any right, title, claim, or interest in or to such watercraft or outboard motor until such person has had issued to him a certificate of title to such watercraft or outboard motor, or delivered to him a manufacturer's or importer's certificate for it; nor

shall any waiver or estoppel operate in favor of such person against a person having possession of such certificate of title, or manufacturer's or importer's certificate for such water craft or outboard motor, for a valuable consideration.

The Bankrupt was estopped from claiming title to the boat; so also is the Trustee in Bankruptcy.

See also In Re Easy Living, Inc., *supra*; Klaustermeyer v. Cleveland Trust Co., 89 Ohio St. 142, 105 N.E. 278 (1913), Syl. 1, 2 & 4.

The judgment of the District Court is reversed and the cause is remanded to the District Court with instructions to direct the Trustee in Bankruptcy to pay to Marina the net proceeds of sale of the boat.