## Strang *v.* MacArthur, Appellant.

*Promissory notes—Non-negotiable paper—Estoppel—Banks and banking—Discount.*

Where a non-negotiable note or order is presented to a bank for discount, and the bank on making inquiry of the maker receives such an answer as induces it to discount the paper, the maker cannot subsequently deny liability on the note, and it is immaterial that the bank gave no notice of the discount.

Argued April 19, 1905. Appeal, No. 106, Jan. T., 1905, by defendant, from judgment of C. P. Clearfield Co., May T., 1904, No. 326, on verdict for plaintiff in case of E. P. Strang, W. T. Forsythe, J. L. Dailey and George W. Green, trading as Strang & Forsythe, to use of Camden National Bank v. MacArthur Brothers Company. Before DEAN, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit on a non-negotiable order or note. Before SMITH, P. J.

The facts are stated in the opinion of the Supreme Court.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* among others was in giving binding instructions for plaintiff.

*Roland D. Swoope* and *Murray & O'Laughlin,* for appellant. —The paper sued upon was not a legal obligation of the de-

fendant corporation: Millward-Cliff Cracker Co.'s Est., 161 Pa. 157; Worthington v. Schuylkill Electric Ry. Co., 195 Pa. 211; Hays v. Lynn, 7 Watts, 524; Moore v. Patterson, 28 Pa. 505; Rowland v. Slate, 58 Pa. 196.

Even if the paper in suit is legally binding upon the defendant corporation, yet it had the right to introduce evidence of a set-off against or payment to the legal plaintiffs to defeat a recovery: Louden v. Tiffany, 5 W. & S. 367; Bury v. Hartman, 4 S. & R. 175; Miller v. Kreiter, 76 Pa. 78; Gourdon v. Ins. Co., 3 Yeates, 327; 1 Daniel on Negotiable Instruments, sec. 743 (5th ed.); Frants v. Brown, 18 S. & R. 287; Wade on Notice, p. 38.

*Gordon & Boulton,* with them *H. Merian Allen,* for appellee. —The evidence showing that at the time the note in suit was given by defendant, its officers acted with full knowledge of all the facts, made it payable out of the December estimate of work when they did not, and could not, with certainty, know what that estimate would amount to, and relied upon the estimate of its superintendent, Winston, it assumed the risk of its sufficiency. Its voluntary act in giving the note is binding upon it, and precluded the defense sought to be interposed: De La Cuesta v. Ins. Co., 136 Pa. 62; Schoenfeld v. Bradford, 16 Pa. Superior Ct. 165; White v. Heylman, 34 Pa. 142; Clement v. Reppard, 15 Pa. 111; Easton Power Co. v. Ry. Supply Co., 22 Pa. Superior Ct. 538; Newell, Booth & Co. v. Sheldrake, 23 Pa. Superior Ct. 528; Graham v. Hull, 8 Pa. C. C. Rep. 202.

When inquiry is made of the maker of a nonnegotiable note if any defense exists to it, he is bound, if he answers, to answer fully. If he answers evasively, states matters that are no defense, and fails to state that he has a defense to it, he waives the right to take advantage of any defenses he may have: Heist v. Hart, 73 Pa. 286.

Silence is equivalent to acquiescence, and becomes an act when there is a duty to speak: Koch's Estate, 148 Pa. 159; Thompson v. McClelland, 29 Pa. 475; Wahl v. Pittsburg & Western Ry. Co., 158 Pa. 257; Griffiths v. Sears, 112 Pa. 523; Howie v. Lewis, 14 Pa. Superior Ct. 232; McMullen v. Wenner, 16 S. & R. 18.

OPINION BY MR. JUSTICE ELKIN, June 22, 1905 :

This is an action of assumpsit to recover on a nonnegotiable note or order executed in the name of the defendant company by its superintendent, in favor of Strang and Forsythe, who assigned the same to the Camden National Bank, the use plaintiff and appellee. The appellant had a contract for the construction of a railroad from Curwensville to Bower, in the county of Clearfield. Strang and Forsythe were subcontractors for the construction of a portion of the work. T. S. Winston was the superintendent in charge of the construction work for the defendant company. On December 21, 1903, the following note or order was executed in favor of the subcontractors :

"CURWENSVILLE, PA., December 20, 1903.

" On January 30, 1904 we will pay Strang and Forsythe the sum of Four thousand dollars on account of December estimate for work done on Curwensville and Bower R. R. of N. Y. C. & H. R. R. R.

(Signed) " MACARTHUR BROS. CO.

" by T. S. WINSTON."

Strang and Forsythe, desiring to secure funds with which to prosecute the work, presented the above note or order to the Camden National Bank for discount before maturity. In the history of the case which appears in the paper-book of the appellant, the following statement is made in reference to the discounting of this paper : " Shortly after the date of said paper, E. P. Strang took it to the Camden National Bank, the use plaintiff in this case, for the purpose of negotiating it. The cashier of said bank refused to discount said paper because it was not negotiable, and told Strang he would have to get some evidence from MacArthur Brothers Company that they were the makers of the note, or at least that Winston had authority to sign the note, and that they had no defense to it." Strang accordingly went to New York, and discussed the matter with John R. MacArthur, president of the company. There is some dispute about what Strang said to MacArthur, and what MacArthur replied to him, but in our view of the case it is not material what conversation took place between these parties for the reason that no matter what was said by them at that time,

it resulted in MacArthur writing the following letter to the Camden National Bank:

"NEW YORK, 12–28–03.

" GENTLEMEN :

" Mr. Strang has showed us letter of December 21st signed by Mr. T. S. Winston. Mr. Winston is superintendent for us upon our work for the New York Central and Hudson River Railroad Company, near Curwensville, Pennsylvania. Messrs. Strang and Forsythe have a sub-contract for a portion of that work and are now at work upon their contract. We do not know at this office what amount of work they have done in December, but Mr. Winston's statement that we will pay them $4,000 on account of their December estimate is a pretty good assurance to us that they have done or will have done by the end of December, sufficient work to have earned that amount.

" Yours very truly,

" MACARTHUR BROS. CO.,

" by JOHN R. MACARTHUR.

" THE CAMDEN NATIONAL BANK,

" CAMDEN, N. J."

Upon the receipt of the above letter from the defendant company, the bank discounted the paper. On the trial of the case in the court below, the jury were instructed to return a verdict in favor of the use plaintiff for the face of the paper with accrued interest. The appellant contends that the bank failed to give notice that it had discounted the paper and that subsequent to the time of its execution Strang and Forsythe became financially involved, failed to perform their work, and that they did not owe them the amount of money called for in the note or order because they had assumed other liabilities of said subcontractors which might exhaust all the funds owing by the defendant company to them. Other assignments of error raise questions relating to the admission of declarations made by Strang and MacArthur at the time the letter of December 28, 1903, was written to appellee.

The able argument of the learned counsel for appellant has failed to convince us that these positions are sound. The rights and liabilities of the parties depend not on the representations made by Strang to MacArthur, or on collateral issues growing

out of their relations as contractor and subcontractors, but must be determined by a proper construction of the note or order and the letter written by the defendant company to the appellee. It is clear that this letter was given in answer to the request of the Camden National Bank that the MacArthur Brothers Company should give something to show that Winston had the authority to sign the order, that the amount of money stated therein was due Strang and Forsythe, and that it would be paid at the time indicated. A fair construction of the letter shows that the firm recognized the authority of Winston to execute the order, and that no defense would be interposed to its payment when due. It is true that the letter itself does not specifically say that the defendant company had no defense to the paper, but taken in connection with the fact that it was addressed to the Camden National Bank where the paper was to be discounted, there can be no question that it was intended as an inducement to the bank to discount the paper. It is apparent that the bank would not have discounted it had not the letter from MacArthur Brothers Company been received. Under the circumstances the contention of the appellant that the bank should have notified the defendant company that it had discounted the paper is without merit. There is nothing in the letter from the defendant company to the bank that indicates that notice of the discounting of the paper was either demanded or expected, and it is a well known fact that banking institutions in the ordinary course of business do not give notice to the makers of notes when they are discounted.

We have carefully examined the charge and opinion of the learned court below, which very clearly and fully discusses the questions involved in this controversy, and properly disposes of the case on its merits.

Assignments of error overruled and judgment affirmed.