# Bittner *v.* Quemahoning Coal Co., Appellant.

*Mines and mining—Conveyance of coal—Mining another's coal —Estoppel—Equitable estoppel—Fraud—Constructive fraud—Contract—Construction — Contemporaneous acts — Acts of parties— Ambiguity—Loss of spring.*

1. To create an equitable estoppel, the party acting must have had information of the true state of affairs or been in a position to become aware of them, so that to deny what he previously asserted would render him guilty of a fraud or of such gross negligence in ascertaining the truth in the matter as to amount to constructive fraud.

2. Acts and declarations founded upon ignorance of one's rights cannot have the effect of creating an estoppel.

3. The acts of the parties to a contract placing a mutual construction upon its provisions are without effect, unless it appears that they acted with knowledge of their rights and of existing facts.

4. The contemporaneous acts of the parties in construing their contract will be considered only where the contract is ambiguous.

5. Where an owner sells all the coal under his land, excepting from the conveyance a certain vein of coal, and subsequently, on discovering that coal was being mined in the reserved vein, promptly gives notice of his ownership thereof, he is not estopped from claiming damages for the injury, by the mere fact that he acquiesced in the place of opening chosen by the other party, and aided in the physical work of constructing improvements at the opening.

6. Where an owner of land conveys all the coal thereunder, but provides that if there is next to the surface a vein 27 inches thick overlying another vein 3 feet thick, then the 27-inch vein is reserved, and the owner subsequently sues the grantee's successor in title for coal mined in the 27-inch vein, and for injuries caused to a spring by mining in the 3-foot vein, and the evidence is conflicting as to whether such 3-foot vein existed, the case is for the jury.

Argued September 23, 1921. Appeal, No. 107, Oct. T., 1921, by defendant, from judgment of C. P. Somerset Co., May T., 1921, No. 222, on verdict for plaintiff, in case of Madison Bittner v. Quemahoning Coal Co. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for alleged wrongful mining of coal. Before BERKEY, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $1,705. Defendant appealed.

*Error assigned,* inter alia, was refusal of defendant's motion for judgment n. o. v., quoting record.

*Ernest O. Kooser* and *Francis J. Kooser,* for appellant.—Plaintiff was estopped: Chapman v. Chapman, 59 Pa. 214; Carr v. Wallace, 7 Watts 394; Wills v. Swartz, 28 Pa. 413; Knouff v. Thompson, 16 Pa. 357; Buchanan v. Moore, 13 S. & R. 304; Logan v. Gardner, 136 Pa. 588; Smith v. McNeal, 68 Pa. 164; Lewis v. Baker, 162 Pa. 510; Wahl v. Ry., 158 Pa. 257; Putnam v. Tyler, 117 Pa. 570; Riddle v. Mellon, 147 Pa. 30; Miller's App., 84 Pa. 391; McIntosh v. Ropp, 222 Pa. 606; Brandmeier v. Coal Co., 219 Pa. 19; Tonge v. Pub. Co., 244 Pa. 417; Lewis v. Gas. Co., 75 Pa. Superior Ct. 44.

*Charles H. Ealy* and *Charles F. Uhl,* of *Uhl & Ealy,* with them *Clarence L. Shaver,* for appellee.—There was

no estoppel: Crary v. Dye, 208 U. S. 515; Henshaw v. Bissell, 85 U. S. 255; Com. v. Moltz, 10 Pa. 527; Bright v. Allan, 203 Pa. 394.

OPINION BY MR. JUSTICE FRAZER, January 3, 1922:

Plaintiff conveyed to defendant's predecessor in title, who in turn conveyed to defendant, all the coal under a tract of land in Black Township, Somerset County, containing 128 acres and 81 perches, with the provision that "in case there is in or under this tract of land next to the surface a vein of coal of about twenty-seven inches in thickness overlying another vein of about three feet in thickness, then so much of said twenty-seven-inch surface vein as is in and underlying this said described land is reserved and excepted from this conveyance. This being the vein now opened and being worked." Following the sale, plaintiff continued to take coal from the vein excepted from the grant and defendant later opened a mine to remove the coal included in the conveyance from plaintiff. Subsequent to the opening of its mine by defendant and the expenditure of a considerable sum of money in completing improvements necessary for mining operations, plaintiff discovered coal was being taken by defendant from the reserved twenty-seven-inch vein, and he at once notified defendant to cease further operations in that seam and later began suit to recover the value of the coal removed and also for damage sustained by the destruction and taking away of the water of a spring on the land, the result of defendant's mining operations. The jury returned a special verdict in which they found the coal removed by defendant was, in fact, taken from the seam reserved by plaintiff and awarded damages for its value and also for the loss of the spring. From judgment entered on the verdict, defendant appealed.

Defendant's principal contention is that plaintiff, having permitted defendant to expend money in the development of the mine, without giving notice of his claim

of ownership of the coal, is estopped from asserting title to the seam in question. The record, however, fails to show facts constituting an estoppel. We find ample evidence to show plaintiff was without knowledge that the operation of defendant was in the reserved seam and that, on receiving information to that effect, he promptly notified defendant and commenced this action to recover damages. Plaintiff was not an experienced miner nor a mining engineer and was without means of ascertaining definitely whether defendant was taking coal from the seam reserved or from the underlying vein. He made it clear, however, previous to the conveyance, that the seam being worked at the time was not included in the sale. On the other hand defendant had the knowledge and experience of its engineer to guide it in opening the mine. It does not appear that the place of opening was chosen by plaintiff or that he, in any manner, influenced defendant in the choice of its location. The mere fact that plaintiff acquiesced in the place chosen, hauled lumber and rails for defendant to the mine opening, and aided in the physical work of constructing the improvements at the mouth of the mine, does not fasten upon him responsibility for its selection, nor does it affect his right to object to the removal of coal from the reserved seam on discovering it was being mined by defendant. To create an equitable estoppel, the party acting must have had information of the true state of affairs, or been in a position to become aware of them so that to deny what he previously asserted would render him guilty of a fraud, or of such gross negligence in ascertaining the truth in the matter as to amount to constructive fraud. Acts or declarations founded upon ignorance of one's rights cannot have the effect of creating an estoppel: Woods v. Wilson, 37 Pa. 379, 384; Bright v. Allan, 203 Pa. 394, 399. Defendant had means of knowledge equal to or greater than plaintiff with reference to the location of the reserved coal, consequently its claim of being misled, by the representations or conduct of plaintiff, is

without force: Enterprise Transit Co. v. Oil Co., 20 Pa. Superior Ct. 127.

The acts of the parties to a contract placing a mutual construction upon its provisions are without effect unless it appears they acted with knowledge of their rights and of existing facts (Kane v. Fire Ins. Co., 199 Pa. 205); and, as heretofore stated, plaintiff was without knowledge of the stratum from which defendant was taking coal until some time after defendant opened its mine, although the latter's means of obtaining such information at an earlier date were better than those of plaintiff. Moreover, the contemporaneous acts of the parties in construing their contract will be considered only where the contract is ambiguous: Sternbergh v. Brock, 225 Pa. 279. The only ambiguity here, so far as the writing is concerned, was construed by the court in favor of defendant. The remaining question was whether defendant was operating the vein conveyed to it, or the seam reserved by plaintiff for his individual use, and this was a question of fact which was properly submitted to the jury.

With respect to the claim for damages for loss of the spring, defendant was liable to plaintiff, under the construction the trial judge placed upon the contract, only in case there was another vein of coal underlying the top one which was reserved and being mined by plaintiff, as to which the evidence was conflicting, and this clearly raised a question for the jury. The verdict having established the existence of the underlying stratum and also that defendant was taking coal from the seam reserved, it followed defendant was liable in damages for the value of the coal taken as well as for the loss of the spring resulting from such action. The questions of fact involved were submitted to the jury in a careful charge and we find nothing in the record calling for reversal.

The assignments of error are overruled and the judgment is affirmed.