## Commonwealth v. Wysocki et al.

*F. Porter Wagner*, district attorney, for Common-wealth.

*George O. Wagner*, for defendants.

PER CURIAM, September 9, 1954.—On the early morning of July 5th defendants met in the Lawrence Horton Gas Station, which is also a delicatessen, for a late night snack before going home to bed after attending a midnight movie.

During the evening there were a considerable number of firecrackers being exploded throughout the Borough of Danville, and the prosecuting officer while on patrol on Mill Street entered the Chevrolet Garage, which is across the street from the Lawrence Horton Gas Station, and while looking out of the window saw an arm with a blue shirt sleeve open the screen door of the Lawrence Horton Gas Station and make a throwing motion, and thereafter a firecracker exploded somewhere between the gas pumps and the street. The officer then proceeded to the gas station and asked the persons there who threw the firecracker, at which time all persons present denied throwing any firecracker. The officer then inquired if somebody ran out of the rear of the gas station and, after some inquiry, the officer departed.

On July 7th, the officer filed an information against Justyn Wysocki, charging him with disorderly conduct. On the evening of July 7th, when the officer stopped in the business offices of the Morning News where defendant John Blee was employed, the occurrence was discussed, at which time John Blee stated that he gave defendant Wysocki two firecrackers on the night of July 4th. On July 8th, the officer went before the same justice of the peace and laid an information of disorderly conduct against defendant, John Blee. On July 8th, the justice of the peace issued a

warrant to the officer for both defendants, and on the evening of the same date a hearing was held, at which time the justice found both defendants guilty at one hearing, and thereupon both defendants gave bond and perfected an appeal to the court of quarter sessions.

At the hearing held in court the aforementioned facts were testified to by the officer, and defendants took the stand in their own behalf and denied the charges, and called in corroboration other witnesses who were present in the gas station at the time of the alleged offense.

The act of assembly defining disorderly conduct, the Act of June 24, 1939, P. L. 872, sec. 406, 18 PS §4406, provides as follows:

"Whoever wilfully makes or causes to be made any loud, boisterous and unseemly noise or disturbance to the annoyance of the peaceable residents near by, or near to any public highway, road, street, lane, alley, park, square, or common, whereby the public peace is broken or disturbed or the traveling public annoyed, is guilty of the offense of disorderly conduct, and upon conviction thereof in a summary proceeding, shall be sentenced to pay the costs of prosecution and to pay a fine not exceeding ten dollars ($10), and in default of the payment thereof, shall be imprisoned for a period not exceeding thirty (30) days."

It has been held under the above-quoted act that the throwing of firecrackers on a main traveled highway is a violation of the above act of assembly. However, this charge is a part of the Criminal Code and is criminal in nature, and, therefore, the burden is upon the Commonwealth to prove the guilt of defendants beyond a reasonable doubt, and every element of doubt must be resolved in defendants' favor. From an examination of the officer's testimony, it definitely fails to establish any act of disorderly conduct on the part

of defendant, John Blee. And, likewise, the uncertainty of the officer as to who threw the firecracker that made the alleged noise, requires the court to hold that the Commonwealth has failed to meet the burden, and the element of doubt must be resolved in defendants' favor, thereby acquitting them of the alleged charge.

The justice of the peace who handled these cases returned to the court two separate transcripts, containing two separate and identical sets of costs, even though the alleged prosecutions grew out of one offense at one and the same time, and the hearing was held at one and the same time. It, therefore, becomes our duty to call to the attention of the minor judiciary that the Act of March 10, 1905, P. L. 35, secs. 1 and 3, 19 PS §§1293 and 1295, is still in full force and effect and must be complied with. This act of assembly provides as follows:

"*Section 1.* From and after the passage of this act, it shall be unlawful for any person, or officer of any township, ward, borough, city or county, within this commonwealth, in instituting and prosecuting criminal cases, to duplicate any return, complaint, information, indictment, warrant, subpoena, or other writ against any person or persons charged with the commission of any criminal offense or offenses, committed at one and the same time or growing out of one and the same transaction, and when one return, one complaint, one information, one warrant, one subpoena or one other writ can be legally made to serve and promote the due administration of justice. . . .

"*Section 3.* It shall be the duty of all public officers charged with the duty of taxing, and issuing certificates and warrants for the payment of costs in criminal cases, to see that no costs are taxed and paid in violation of the provisions of the first and second sections of this act."

The above-quoted act has been passed upon many times by the lower courts, and it is held where the act is violated, that it is the duty of the court to strike off the duplicate costs taxed. In an opinion by Knight, P. J., in the case of Commonwealth v. Hasko et al., reported in 46 D. & C. 359, it is stated on page 361 of the opinion:

"In these cases the offenses were committed at one and the same time and grew out of one and the same transaction, namely, the unlawful operation of a motor vehicle. One return, one complaint, one warrant, one hearing were sufficient to serve and promote the due administration of justice. See Barry v. McPherson, 24 Dist. R. 118 . . . ; Lewis v. Commonwealth, 3 D. & C. 549. . . ."

To the same effect is an opinion by the same judge in the case of Commonwealth v. Keinard, reported in 50 D. & C. 181. The syllabus of this case reads as follows:

"The Act of March 10, 1905, P. L. 35, prohibits taxation of duplicate items of cost against two defendants separately indicted but tried together on charges growing out of the same transaction, and where one defendant has paid the costs so assessed against him duplicate items on the bill of costs filed against the other defendant will be stricken off."

In the case at bar the charges filed against both defendants grew out of the same transaction, only one hearing was held, and the warrants were issued to the police officer on the same date and, therefore, it goes without saying that one information, one warrant, one recognizance and one transcript was all that was necessary to serve and promote the due administration of justice, and therefore, the county which is liable for the costs in this case shall govern payments thereof in accordance with the foregoing.

## Order of Court

And now, to wit, September 9, 1954, we find defendants, Justyn Wysocki and John Blee, not guilty, and the costs are to be paid by the County of Montour.