## Hertz Corporation, Appellant, *v.* Hardy.

468

Argued December 13, 1961. Before Ervin, Wright, Woodside, Watkins, Montgomery, and Flood, JJ. (Rhodes, P. J., absent).

Before Depuy, P. J.

*LeRoy S. Maxwell,* for appellant.

*Thomas J. MacBride,* for appellees.

OPINION BY MONTGOMERY, J., March 21, 1962:

In this action of replevin, in which bond and counter-bond were given, plaintiff-appellant, The Hertz Corporation, sought to recover a 1957 Oldsmobile automobile it had delivered to James Hardy, one of the defendants, under a rental agreement executed in Cleveland, Ohio. Sara Thompson and I. Edgar Thompson were added as additional defendants when the automobile was found in their possession in Waynesboro, Franklin County, Pennsylvania, by the sheriff of that county when executing the writ of replevin. At that time I. Edgar Thompson held a certificate of title for the car issued by the Pennsylvania Bureau of Motor Vehicles. Thompsons, claiming legal title to the car to be in the husband by reason of a purchase by him from David J. Hoffman, a used car dealer in Waynesboro, Pennsylvania, defended the action, and the trial by jury resulted in a verdict in defendants' (Thompsons') favor. Hardy was not served with the writ, nor did he appear. Motions for judgment n.o.v. or a new trial having been refused, judgment was entered on the verdict and this appeal followed.

Additional established facts about which there is little, if any, question are as follows:

The Hertz office at the Cleveland (Ohio) Airport, on November 24, 1957, by the customary form of written agreement, rented the vehicle involved to James Hardy for a five day rental, Hardy making a cash deposit of $100. On November 29, the same Hertz office extended the rental for another 30 days, although the

company has no record of the paper by which this was accomplished, or of the employe who did it, or of any further rental having been received. The company reported the car as stolen several days after the 30 day extension period had expired. Prior to renting the car from Hertz, on July 6, 1957, Hardy, using the address of 73 East 80th Street, New York, New York, had prepared a bill of sale for the identical automobile from a Mrs. Mary Emerson of New York, and on the same day registered this vehicle with the Bureau of Motor Vehicles of New York. On November 26, 1957, he sold the car obtained from Hertz to West Brownsville (Pa.) Iron and Metal Company, a licensed Pennsylvania motor vehicle dealer located just across the Ohio line and used the New York registration for the purpose of establishing himself as the owner and of transferring title to the vehicle. Previously, on November 25, 1957, Hardy had obtained an Ohio certificate of title for the Hertz car which he also used in selling it to the Brownsville company. There actually was a Mary Emerson, but she denied knowing Hardy or ever having owned a 1957 Oldsmobile car. How Hardy accomplished this is unexplained.

The Brownsville company resold the car on December 6, 1957, at the regular automobile auction at Manheim, Pennsylvania, to David J. Hoffman, the used car dealer from whom Thompson purchased it on January 7, 1958.

It is appellant's contention that it is entitled to judgment in its favor because a purchaser from a thief, or any subsequent purchaser, has no ownership and cannot hold the property against the true owner; and further, that it is not estopped under the facts of this case from setting up its title and reclaiming possession of the car in a replevin action.

The appellee, Thompson, recognizes the established rule that a thief cannot convey good title to personal

property, but contends that Hertz is estopped from asserting its title because it failed to exercise due care or ordinary business prudence to the detriment of Thompson; and for this reason there should be enforcement of the rule that where one of two innocent persons must suffer, that person whose act or omission, as it pertains to the transaction, brings about the loss must necessarily be the person to suffer.

At the outset, it becomes apparent that a new trial is warranted in this case because of the injection of the issue of *estoppel* into it by the trial judge in his charge, and, in so doing, imposing upon the plaintiff the burden of disproving defendants' right to invoke it, rather than upon the defendants to prove it. Estoppel is an affirmative defense which must be pleaded (Pa. R. C. P. 1030 & 1071) and the burden is upon the one asserting it and claiming its benefits to prove it. *Nick v. Craig,* 301 Pa. 50, 151 A. 573. Defendants did not plead estoppel, nor did they undertake to assert or to prove it. Their case rested entirely upon an alleged legal title as a bona fide purchaser for value without notice. Nevertheless, plaintiff, in order to establish its title, was required to show that it had been free of negligence and had exercised good business practices. This was clearly error.

However, under the evidence as presented, regardless of the pleadings or trial errors, plaintiff-appellant is entitled to judgment in its favor. Estoppel must be established by clear, precise and unequivocal evidence, *Frazee v. Morris,* 155 Pa. Superior Ct. 320, 38 A. 2d 526; *Peoples National Bank of Ellwood City v. Bartel,* 128 Pa. Superior Ct. 128, 193 A. 59, which was not done in this case. The facts referred to by the lower court in its charge to the jury and in its opinion, from which it permitted the jury to invoke an estoppel as to Hertz's right to set up its title because it did ". . . not use reasonably effective, diligent, business methods designed

to safeguard persons who might later acquire a title that had been conveyed by a thief or a fraudulent bailee" were: (a) Hertz rented the car to Hardy under a regular lease agreement for five days at the Cleveland Airport and accepted a deposit of $100 according to its practice when sufficient credit references were not produced; (b) Hertz failed to produce the written application for the rental, which was missing from its files; (c) Hertz extended the rental for another 30 days by a notation on its copy of the original lease, but failed to prove the receipt of any additional rental or the facts concerning the renewal either by the clerk or the records (the clerk had left Hertz's employment and gone to California, and the file contained no records); (d) Hertz did not detect the fraud until after the expiration of the extension, which was after December 29, 1957, and did not report it as stolen to the police until January 6, 1958, which was the day on which it was sold at the Manheim Auto Auction to Hoffman, who sold it the next day to appellee Thompson.

On established facts the question of whether an estoppel has been made out is ordinarily for the court; however, if credibility is involved (none was involved herein since all of the testimony was elicited from plaintiff's witness) or if more than one inference may be reasonably drawn, the question is for the jury. *General Electric Company v. N. K. Ovalle, Inc.*, 335 Pa. 439, 6 A. 2d 835; *Brubaker v. Okeson*, 36 Pa. 519; 14 P.L.E., Estoppel, 33. The lower court, holding that the facts could lead to different inferences or conclusions, left the issue to the jury. There was also error because there can be but one inference or conclusion drawn from the evidence. That conclusion is that the requirements of the law for an estoppel to be invoked have not been met.

In the first place the lower court erroneously assumed, as established, that there had not been an ap-

plication for the original rental or for its extension; it also erroneously assumed there had been no additional rental paid. These assumptions were made because Hertz was unable to produce evidence of these facts due to the departure of its employe and the unaccounted for absence of the records from its files, but there was no evidence to the effect that no application or additional rental had not been received. Such assumptions were unjustified since Hertz needed only to establish its superior title and right of possession to the car to make out a prima facie case in replevin for its recovery. *John Deere Plow Co. v. Hershey*, 287 Pa. 92, 134 A. 490. The burden was then upon defendants to show facts that would estop plaintiff from asserting its superior title and right of possession.

The failure to call witnesses or produce evidence without sufficient explanation of the reason for not doing so may give rise to an inference *by the jury under proper charge* that such witnesses would have testified unfavorably or that the evidence would have been adverse to the interest of that person, *Haas v. Kasnot*, 371 Pa. 580, 92 A. 2d 171; but it is not for the court to do so as a matter of law. Such rule is more important as it relates to the party having the burden of proof, *Steel v. Snyder*, 295 Pa. 120, 144 A. 912, and is not invoked as to parties whose interest would not naturally be furthered by the production of such witnesses or evidence. 5 A.L.R. 2d 893. As previously stated, it was not necessary to produce such evidence or witnesses to establish plaintiff's case. Regardless, although the assumption of such facts should be considered proper, they, together with the established facts are still insufficient in law to establish an estoppel in this case.

What appellees are contending *now* and apparently what the lower court endeavored to do was to justify the application of the estoppel doctrine simply because

Hertz was allegedly negligent in failing to ascertain that Hardy was a thief before renting him a car, or failing to detect that fact sooner than it did thereafter, and then delaying its report to the police that one of its cars had been stolen.

To establish an estoppel the one against whom it is sought to be invoked must have had knowledge of the facts and must have intended that his conduct be acted upon. *Kirk v. Hartman,* 63 Pa. 97. This has been extended to mean that the person acting must either know the true facts or be in a position to become aware of them, *Sundheim v. Beaver County Building & Loan Association,* 140 Pa. Superior Ct. 529, 14 A. 2d 349, so that to deny what he previously asserted would render him guilty of fraud or of such gross negligence in ascertaining the truth in the matter as amounts to constructive fraud. *Bittner v. Quemahoning Coal Co.,* 271 Pa. 579, 116 A. 42. If this element of fraud is wanting there can be no estoppel. *Hill v. Epley,* 31 Pa. 331. It is noted that mere negligence is not sufficient to establish constructive fraud; it must be gross or culpable negligence. *Northwestern National Bank v. Commonwealth,* 345 Pa. 192, 27 A. 2d 20.

We deem it unnecessary to say whether the acts of Hertz, assumed as well as proven, were negligent in any regard, but we do say that its actions were not so gross or culpable as to constitute constructive fraud upon defendants or the general public. Hertz could not reasonably be expected to withhold the rental of an automobile until it received a credit report in every case. Its business is conducted to serve the public promptly at air and railroad terminals, as well as elsewhere. In this case, when Hardy could not produce credit references, it required a cash payment of $100 as security for payment of the charges. Since the law protects owners of property from the actions of thieves and fraudulent bailees, it did not require security for

the return of the car. *Leitch v. Sanford Motor Truck Co.,* 279 Pa. 160, 123 A. 658. Possibly $100 was insufficient security for the extension, but we do not believe its negligence in this regard is sufficient to be considered gross or culpable. Nor do we think that the delay of five or six days following the expiration of the extension period, during which presumably it tried to locate Hardy and the car before reporting it stolen, was unreasonable or grossly negligent.

However, there is another important element in the matter of estoppel which has not been met. Thompsons had no contact with Hertz and were completely unaware of its conduct until after Mr. Thompson purchased the car from Hoffman, the used car dealer. To warrant an equitable estoppel, the act of the party claiming the estoppel must have been induced by and be the immediate and proximate result of the conduct or representations relied upon as creating an estoppel; and the person asserting it must have changed his position as a result thereof. *Northwestern National Bank v. Commonwealth,* supra; *Strang v. MacArthur,* 212 Pa. 477, 61 A. 1015; *New Eureka Amusement Company v. Rosinsky,* 126 Pa. Superior Ct. 444, 191 A. 412. Thompson neither relied on anything Hertz did or did not do, nor changed his position thereby.

We have spent a great deal of time discussing the principle of estoppel, which has erroneously been injected into this case, whereas the only issue raised by the pleadings is the legality of the title to the car claimed by I. Edgar Thompson as a bona fide purchaser for value without notice, which title was also based on a registration certificate issued by the Commonwealth of Pennsylvania, and as well on the certificate of title issued by the State of Ohio to one of its predecessors. The former need not be discussed since in Pennsylvania such a certificate is merely evidence of owner-

ship and is not conclusive. *Weigelt v. Factors Credit Corporation,* 174 Pa. Superior Ct. 400, 101 A. 2d 404. Although under the Ohio statute it has been held that a certificate of title is exclusive evidence of ownership of a motor vehicle and no right or title otherwise proven can be recognized by the courts. *Beyer v. Miller,* 90 Ohio App. 66, 103 N.E. 2d 588. It has been also held that the obtaining of an Ohio certificate of title does not result in a person having legal title to the automobile where the certificate was based on fraud and misrepresentation: *Zoloto v. Scott,* 111 Ohio App. 372, 160 N.E. 2d 318. The Ohio Certificate of Title Law was enacted to prevent importation of stolen motor vehicles, and thefts and frauds in the transfer of title to motor vehicles. *Douglas v. Hubbard,* 91 Ohio App. 200, 107 N.E. 2d 884.

Where a certificate of title to an automobile is fraudulently procured by false representation it is void ab initio and the title of a subsequent holder for value which arises therefrom can have no greater solemnity than its source. *Associates Discount Corp. v. Colonial Finance Co.,* 88 Ohio App. 205, 98 N.E. 2d 848.

In the present case the Ohio certificate of title obviously was procured by fraud and deception. The case of *Mock v. Kaffits,* 75 Ohio App. 305, 62 N.E. 2d 172, is directly in point. In that replevin action also involving an automobile, where an innocent purchaser held an Ohio certificate of title issued on the basis of a New York registration certificate fraudulently procured by one who had stolen the car, the court held that the Certificate of Title Act did not prevent the application of the rule that stolen property may be recovered from an innocent purchaser so long as it is identified.

*Leitch v. Sanford Motor Truck Co.,* supra, remains authority for the following principles of law applicable

to the present case: (a) Where the owner loses or is robbed of his property, or one who has a temporary right to its use attempts to sell or pledge it without consent, the owner may follow and reclaim it no matter in whose possession it may be found. (b) Possession of property in the bailee for hire does not clothe him with an apparent title or authority to dispose of it as to create an estoppel preventing the owner from asserting his title. (c) If the possession of the seller or pledgor is that of a bailee or a trespasser, the rule that declares where one of two innocent persons must suffer the loss must fall on him whose act or omission made the loss possible does not apply to the pledgee or vendee. The pledgee stands in no better position than a person who innocently buys, leases, or acquires property that has been stolen. The owner can follow and reclaim it no matter where it may be found. (d) It is only where the owner, for his own advantage, permits the bailee to act with the property (other than having possession) or so clothes him with apparent ownership as to mislead or deceive the public, that an estoppel may arise against the owner, but such conduct must affirmatively appear from the evidence.

Each case cited to us by appellees to support their contention is distinguishable in that each involves a defrauding party who had been clothed with apparent title or authority to sell: *Weigelt v. Factors Credit Corporation,* supra; *Rice Street Motors v. Smith,* 167 Pa. Superior Ct. 159, 74 A. 2d 535; *First National Bank of Jamestown v. Sheldon,* 161 Pa. Superior Ct. 265, 54 A. 2d 61; *GFC Corporation v. Antrim,* 2 Pa. D. & C. 2d 337; *Joy v. Ondrey,* 105 P. L. J. 147. Hardy was a bailee without any apparent title or authority.

Although defendants must restore to Hertz the value of the car, they are not without rights to secure redress from the persons from whom the car was purchased, and they on back to the defrauding party, Hardy: *Mann v. Rafferty,* 100 Pa. Superior Ct. 228.

The judgment for defendants is reversed and entered for plaintiff in the sum of $2,700, the amount of the counter-bond filed by defendants, plus interest.