## Commonwealth v. Kizitaff

*D. S. Cirillo*, for Commonwealth.

*Jack A. Rounick*, for defendant.

FORREST, P. J., July 12, 1965.—On May 3, 1964, an automobile registered in the name of Rudy Kizitaff was involved in an accident in Montgomery County, Pa. On September 17, 1964, Kizitaff received an order from the Director of Enforcement of the Bureau of Traffic Safety of the Department of Revenue, requesting him to post financial security in the amount of $5,-625 because of the vehicle's involvement in the accident. On September 24, 1964, the director of enforcement sent Kizitaff a "corrected notice" requiring the posting of $7,000 financial security. Both requests were pursuant to section 1404 of The Vehicle Code of April 29, 1959, P. L. 58, sec. 1404, as amended, 75 PS §1404, which authorizes the Secretary of Revenue of the Commonwealth to require the posting of security to assure satisfaction of any judgments which might arise against uninsured motorists, or failing such security, suspension of operator's privileges.

Rudy Kizitaff has petitioned this court for the allowance of an appeal from the above notices from the Bureau of Traffic Safety. The basis of this appeal is that although Kizitaff is the owner of record, he claims not to have been the actual owner of the vehicle. Kizitaff alleges that he permitted the automobile to be registered in his name with the Commonwealth to accommodate the real owner, who is under the age of 21 years. Kizitaff claims that there was no agency relationship between the minor-operator of the vehicle and himself, and that he was not present at the time of the accident.

It has been well established that the primary purpose of requiring the title registration of an automobile is not to establish ownership and proprietorship, but rather to register the name and address of the person having the right of possession: Majors v. Majors, 349 Pa. 334 (1944); Weigelt v. Factors Credit Corporation, 174 Pa. Superior Ct. 400, 404 (1953); Hertz Corporation v. Hardy, 197 Pa. Superior Ct. 466, 475-76

(1962). However, the title registration may be evidence in establishing such title: Weigelt v. Factors Credit Corporation, supra. This distinction is made only for establishing the right of possession when vehicle is under an encumbrance and technical ownership may reside with the party providing the financing of the automobile. The fact that merely because a vehicle is registered in one party's name, ownership is not established, should not give appellant relief in this situation. This interpretation was designed to protect lienholders and financing organizations only.

The Vehicle Code, section 202(a), requires applicants for certificates of title to provide, inter alia, the following items:

. "(a) Application for a certificate of title shall be made upon a form prescribed and furnished by the department, and shall be accompanied by the fee prescribed in this act, and shall contain a full description of the motor vehicle, . . . the actual or bona fide address and name of the owner, together with a statement of the applicant's title. . . ."

The form of these applications prescribed by the department all require the oath and affidavit verified before a notary public. Thus, the applicant swears that he is the bona fide owner, as contemplated by the code (see section 102, Definitions) of the vehicle for which he seeks a certificate of title.

There are provisions for application as an agent for another person in section 212 of The Vehicle Code. These requirements necessitate an authorization to be in effect, and that such authority be verified by oath and affirmation by the principal no more than 15 days before the application is received by the department. In the instant situation, there has been no showing by appellant that he made application for issuance of certificate of title as agent for another party.

Petitioner was furnished registration plates in his

name as the owner of the vehicle in question pursuant to section 501 of the code. To qualify for the issuance of registration plates, the party seeking the plates must first file an application for registration. This application, like that of the application for certificate of title, requires the same oath and affidavit subscribed to and sworn before a notary public.

Throughout this proceeding, it has been properly pointed out, and duly noted by the court, that petitioner previously stated on several occasions that he was the bona fide owner of the vehicle, which he now claims he does not own. These statements were made under oath and were filed with the department pursuant to the code. Now, petitioner seeks to set aside those statements on the theory that they were made in levity and insincerity. This court does not feel constrained to entertain petitioner's argument to set aside the secretary's order that he post financial security. Petitioner should have been more discreet in permitting the use of his name.

This opinion does not purport to decide any question of liability arising from the accident on May 3, 1964, or determine the issue of liability over as between this petitioner and the minor-operator of the vehicle. However, petitioner is required to post the financial security of $7,000 pursuant to The Vehicle Code, to assure the satisfaction of any possible judgments resulting from this accident. If petitioner fails to post this security, he shall be subject to suspension of his operating privileges and all other penalties provided in The Vehicle Code.

### ORDER

AND NOW, July 12, 1965, the petition of Rudy Kizitaff is dismissed, and the order of the Director of Enforcement of the Bureau of Traffic Safety of the Department of Revenue, requiring petitioner to post financial security in the sum of $7,000, is affirmed.