## Pennsylvania State Police *v.* Bradley and American Plan Corporation, Intervenor.

638

Argued October 4, 1972, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MENCER, ROGERS and BLATT.

*Hermann Rosenberger, II,* Assistant Attorney General, for appellant.

*Frank J. Marcone,* for appellee.

*Alfred Sarowitz,* for intervenor.

OPINION BY JUDGE MENCER, December 7, 1972:

This is an appeal from an order of the Court of Common Pleas of Delaware County which required the Pennsylvania State Police to return within thirty days a 1969 Porsche Targa which had been seized from the appellee, Peter Bradley, under authority of Section 303 of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §303.

Bradley filed with the lower court a petition for the return of the Porsche alleging that the car had been seized and withheld by the State Police without any "formal reasons" given therefor. At a subsequent hearing on the matter, Bradley testified that he purchased the car from a David Duerr who in turn had obtained the car from a Stephen Schwartz.

The method of transfer throughout was somewhat complicated. A Rhode Island passenger registration card indicates the car was owned by Schwartz but was sold by him to Duerr on *April* 15, 1971. Later, after agreeing to sell the car to Bradley, Duerr crossed out his signature on the card and Bradley's name was inserted. Bradley then applied for a certificate of title in Pennsylvania swearing under oath that the car was purchased from Schwartz on April 15, 1971. A note dated April 15, 1971, signed by Duerr and addressed to the Department of Revenue in Harrisburg, was included with the application. It indicated that he, Duerr, was going to purchase the car but changed his mind and crossed out his name. Subsequently a certificate of title was issued to Bradley by the Commonwealth.

The State Police first examined Bradley's Porsche as a result of an investigation which revealed that two stolen Porsches were found in the possession of Schwartz. It was the opinion of the State Police that the Porsche's serial number plates had been tampered

with or restamped. The true serial number was later determined after a number, which is stamped in a confidential location in all Porsches of recent vintage, was sent to the manufacturer in Stuttgart, West Germany. This was corroborated by comparison of the car's transmission number with one on file with the domestic distributor in Englewood Cliffs, New Jersey. Once the true manufacturer's serial number was found, it was determined (by means of a national computer service formed to combat the interstate theft of motor vehicles) that the Porsche had been reported stolen to the New York State Police thirteen days prior to issuance of the Rhode Island registration card to Schwartz and approximately a month before the vehicle's transfer to Bradley. It was also determined that a claim had been made with the New York State Police for return of the vehicle by an insurance company as successor in interest to the original owner.

Testimony at the hearing indicated that Schwartz had been prosecuted for the possession and sale of at least eight other such vehicles, and, furthermore, that an information charging violation of Section 301 of The Vehicle Code, 75 P.S. §301, had been lodged with a Delaware County District Justice against Bradley as mandated by Section 303(a) of the Code.

The lower court noted that, at the time of the hearing, no competent evidence was offered to prove that the named insurance company had title to the car, no claim or appearance by the company having been made at the hearing. Despite the Commonwealth's assertion that the seizure was predicated upon Sections 301, 302, and 303 of The Vehicle Code, the lower court felt that "the actual issue before the Court was a property claim. The defense expected a representative of the alleged owner, the insurance company, to be at the hearing, but no one appeared, nor has any claim been made to

date. Faced with the issue of the right to possession, as developed by the pleadings and the testimony, either in the petitioner who paid for the automobile and has a certificate of title issued to him, or in an insurance company which did not appear at the hearing or offer any proof to support its presumed position, the choice was clear." It appearing to the court in later correspondence that the Commonwealth was "pursuing a private interest for the benefit of a third party," the Commonwealth's request for another hearing to enable representatives of the insurance company to present evidence of its interest was denied. The lower court then ordered the State Police to return the Porsche to Bradley within thirty days. We granted a supersedeas staying that order pending the outcome of this appeal.

We first must dispel the notion that Section 303(a) of the Code can be ignored simply because private interests of third parties are incidentally affected by the Commonwealth's efforts to recover a stolen vehicle and to prosecute persons implicated, directly or indirectly, therein. Certainly at least one purpose of Section 303 (a), which requires seizure by "every peace officer having knowledge of" a vehicle with a defaced serial number, is to facilitate the vehicle's return to its rightful owner, thereby discouraging traffic in stolen vehicles.

Clearly the lower court erred in ordering the Porsche's return to Bradley in the absence of evidence that a special number plate had been issued in accordance with Section 302 of the Code. The second sentence of Section 303(a) plainly states that "[t]he Court, upon petition of the owner or of the person entitled to possession of a seized vehicle may relinquish custody of such vehicle to the person legally entitled thereto *upon presentation of proof that a special number plate has been issued by the secretary under the provisions of section 302 of this act.*" (Emphasis added).

Simply because the insurance company was not present at the hearing to prove that it was "legally entitled" to the Porsche does not mean that the court should have relinquished it to Bradley who not only failed to produce evidence of his compliance with Section 302 but who also had misrepresented, on his application for a certificate of title, the date on which he purchased the vehicle and the person from whom the purchase was made.

The court obviously placed too much emphasis upon the certificate of title issued to Bradley, but "[w]here a certificate of title to an automobile is fraudulently procured by false information it is void ab initio . . . ." *Hertz Corporation v. Hardy,* 197 Pa. Superior Ct. 466, 476, 178 A. 2d 833, 838 (1962).

Furthermore, the court erred in ordering the vehicle's return to Bradley after being informed at the hearing that an information had been filed against Bradley for violation of Section 301 of the Code. Even if no information had been filed by the time of the hearing, Section 303(a) requires either an arrest or the filing of an information for the arrest "of the supposed owner or custodian" of the seized vehicle. The mere seizure of the Porsche with an allegedly defaced serial number left open the possibility that under Section 303(a) the car would be needed to satisfy any fine and costs arising from possible prosecution after the required arrest.

Order vacated and petition dismissed.