## Beasley v. McGarvey

*Joseph Busacca,* for plaintiffs.
*Robert J. Coleman,* for defendant.

HIRSH, *J.,* December 20, 1974—On May 30, 1972, plaintiff was involved in an automobile accident with defendant but did not commence this action in trespass until March 12, 1974. Subsequently, on March 19, 1974, plaintiffs' counsel received a sheriff's card indicating that defendant had moved and was not able to be found. The complaint was reinstated on April 10, 1974, and service was ordered upon the Secretary of the Commonwealth which was made on May 20, 1974. Defendant in the case at bar passed away on June 20, 1973. On July 8, 1974, plaintiffs' interrogatories to defendant were served upon defendant's insurance company. Thereafter, on July 12, 1974, defendant's preliminary objections to plaintiffs' complaint were filed. The preliminary objections and plaintiffs' memorandum of law contra thereto are presently before this court.

Defendant, in its preliminary objection, contends that this court does not have jurisdiction over the person of defendant, therefore plaintiffs' complaint should be dismissed for the following reasons: (1) the commencement of this action on March 12, 1974, is null and void since defendant passed away on June 20, 1973 and therefore cannot be made a party to this action; (2) additionally, the service purportedly made on the Secretary of the Commonwealth on June 20, 1974, was also null and void since defendant was deceased. It is quite clear

from the facts of this case that this action must be dismissed for the obvious reason that a dead man cannot be served with legal process.

The Act of June 24, 1895, P.L. 236, sec. 2, 12 PS §34, provides:

"§34. Limitation in cases of personal injury

"Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; in cases where the injury does result in death, the limitation of action shall remain as now established by law."

It is axiomatic that plaintiff must use all reasonable diligence to properly inform himself of the facts and circumstances upon which his right of recovery is based and to institute suit within the prescribed statutory period.

As the Supreme Court of Pennsylvania said in Walters v. Ditzler, 424 Pa. 445, 449, 227 A. 2d 833 (1967):

"Presently pertinent are certain well settled legal principles: (a) mere mistake, misunderstanding or lack of knowledge do not toll the running of the statute of limitations . . .; (b) if, through fraud, deception or concealment of facts, . . . [a defendant] lulls an injured person or his representatives into a sense of security so that such person's vigilance is relaxed, then the . . . [defendant] is estopped from evoking the statute."

The burden of proving the existence of such fraud or concealment is upon the asserting party by evidence that is clear, precise and convincing: Hertz Corp. v. Hardy, 197 Pa. Superior Ct. 466, 178 A. 2d 833 (1962); Bonfitto v. Bonfitto, 391 Pa. 187, 137

A. 2d 277 (1958). It is also well established that mere negotiations toward an amicable settlement afford no basis for an estoppel, nor do mistakes, misunderstandings or lack of knowledge in themselves toll the running of the statute: Schaffer v. Larzelere, 410 Pa. 402, 189 A. 2d 267 (1963).

With these general principles of law in mind, we examined this record and through logic and judicial fairness have determined that the doctrine of estoppel cannot be applied in bar of the statute of limitations. Plaintiffs aver fraudulent concealment of information by defendant's insurance carrier but the record refutes this. Although plaintiff sent a copy of the complaint to defendant's insurance carrier on March 22, 1974, ten days after the suit was filed, said carrier did not respond. Surely, there is no duty on the insurance carrier to investigate upon receipt of an unsolicited complaint not served on its assured. Plaintiffs waited 19 months before filing the original complaint and in the interim defendant passed away. Now, plaintiffs are trying to shift their duty of knowing that defendant had passed away, by alleging that this information was solely within the knowledge of the insurance carrier. As stated in Schwab v. Cornell, 306 Pa. 536, 539, 160 Atl. 449, 450 (1932):

"If the circumstances are such that a man's eyes should have been open to what is occurring, then the statute begins to run from the time when he could have seen."

Defendant's insurance carrier made no misrepresentations and in no way lulled plaintiffs into a false sense of security so that plaintiffs' vigilance or right to inquiry was relaxed. The first time defendant's insurance carrier had a duty to act was when they were served with plaintiffs' interrogatories;

thereafter, defendant's preliminary objection was expeditiously filed on July 12, 1974. Further, the cases plaintiffs cite in their support are inapposite and clearly distinguishable from the facts in the instant action. All the cases in plaintiffs' support share the common thread that the injured relied on assurances or misrepresentations made to them by defendants and consequently were not able to ascertain the cause and extent of their injuries until after the statute had run. In the case at bar, plaintiffs' injuries were already determined and it was through no fault other than their own that plaintiffs slept on their rights beyond the statute of limitations.

It appears that the attitude of the courts is shifting, or has shifted, from one of hostility toward the enforcement of statutes of limitation to one recognizing the legislative policy of such statutes as controlling, with the result that courts tend increasingly to look with favor upon such statutes as a defense. Some courts have gone so far as to say that statutes of limitation are favored in the law and cannot be avoided unless the party seeking to do so brings himself strictly within the exception. There is some evidence that the trend in the courts is toward strict construction of exceptions and toward refusal of the courts to enlarge upon them even upon consideration of apparent hardship.

It was plaintiffs' duty to ascertain the existence of defendant if they wanted to institute an action against him. The insurance company was under no duty to inform plaintiffs about the existence of defendant and mere inaction on their part cannot be construed as either concealment or fraud. The doctrine of equitable estoppel is invoked only in clear cases of fraud, deception or concealment and plain-

tiffs' allegations are lacking any averment from which even an inference of fraud or concealment can be drawn: Lloyd v. Brenner, 62 D. & C. 2d 422 (1973).

## ORDER

Accordingly, December 20, 1974, it is therefore ordered and decreed that the complaint of plaintiff against defendant, John McGarvey, be and the same is dismissed with prejudice and without leave to plaintiff to file an amended complaint.