433 A.2d 91

In re Petition of ALLSTATE INSURANCE COMPANY, Subrogee of Robert S. Dunlap, for the return of a Motor Vehicle with a Falsified Serial Identification Number.

Appeal of ALLSTATE INSURANCE COMPANY.

Superior Court of Pennsylvania.

Argued Nov. 12, 1980.

Filed July 31, 1981.

John M. Silvestri, Pittsburgh, for appellant.

Bernard J. Rabik, Beaver, for participating party.

Before CAVANAUGH, WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends, *inter alia*, that the lower court erred in requiring it to prove by clear and convincing evidence that it was entitled to the return of an impounded vehicle with allegedly falsified identification numbers. We agree and, accordingly, reverse the order of the court below and remand for proceedings consistent with this opinion.

On October 3, 1979, appellant, Allstate Insurance Company filed a petition pursuant to section 7105 of the Motor Vehicle Code[1] for the return of a motor vehicle with a

1. Act of June 17, 1976, P.L. 162, No. 81, 75 Pa.C.S.A. § 7105, which provides:

*Seizure of vehicles with removed or falsified numbers*

(a) *Duty of police.*—Every police officer having knowledge of a vehicle on which the vehicle identification number has been removed or falsified shall immediately seize and take possession of the vehicle and arrest or file a complaint for the arrest of the suspected owner or custodian. In all actions involving seizure or possession of such vehicles, vehicle identification information shall be transmitted to the Federal or other agencies involved in recovery of stolen vehicles.

(b) *Proceedings if owner known.*—The court, upon petition of the owner of the person entitled to possession of a seized vehicle, may relinquish custody of the vehicle to the person legally entitled to the vehicle upon presentation of proof that a State replacement vehicle identification number plate has been issued by the depart-

falsified identification number, alleging that it was entitled to possession as the holder of an Indiana certificate of title. Appellee, James J. Contenta, Jr., subsequently intervened, claiming that the vehicle should be returned to him because he was a bona fide purchaser for value holding a Pennsylvania certificate of title for the impounded vehicle. Following a hearing, the lower court concluded that appellant had not proved that it was entitled to possession of the truck and, accordingly, ordered that the truck be returned to appellee. This appeal followed.

The evidence introduced at the hearing may be summarized as follows. On January 6, 1978, appellant's insured, Robert S. Dunlap, reported that his 1977 Ford F–150 four-wheel-drive truck, vehicle identification number F14HCZ08211, had been stolen. He then filed a claim with appellant pursuant to his comprehensive insurance coverage. Upon receiving payment for the value of the truck, Dunlap assigned his title to appellant, which subsequently received an Indiana certificate of title for it. On May 14, 1979, the Indiana State Police requested that the Pennsylvania State Police inspect a similar truck, vehicle identification number F15GLY76001, then purportedly in the possession of Peter V. Fabanich, an innocent purchaser. Upon discovering that Fabanich had sold the truck, Trooper James Fedisin obtain-

ment under section 7104 (relating to State replacement vehicle identification number plate). Except as otherwise provided in this section, the court shall retain in custody the seized vehicle pending prosecution of the person arrested. In case the person is found guilty, the vehicle shall remain in the custody of the court until the fine and costs of prosecution are paid, except that if 90 days have elapsed after the verdict has been rendered and the fine and costs have not been paid, the court shall proceed to advertise and sell the vehicle in the manner provided by law for the sale of personal property under execution. The proceeds from the sale shall be used to pay the fine and costs of prosecution and the balance, if any, shall be forwarded to the department to be transmitted to the State Treasurer for deposit in the Motor License Fund.

(c) *Proceedings if owner unknown.*—If ownership of the vehicle is not established to the satisfaction of the court, the vehicle shall be confiscated by the court and sold immediately, and the proceeds shall be used to pay the costs of proceedings and the balance, if any, shall be forwarded to the department to be transmitted to the State Treasurer for deposit in the Motor License Fund.

ed permission from appellee, its current title holder, to inspect the truck. Trooper Fedisin subsequently determined that the factory-installed identification numbers appeared to have been removed and that the current identification number had been affixed in an irregular location. Additionally the inspection uncovered an invoice bearing the same identification number as that of the stolen truck hidden behind the seat of the truck. On that basis, appellee agreed to impoundment of the truck pending the outcome of the investigation. Other witnesses for appellant testified that the optional features of the stolen truck matched those of the impounded truck and that the identification number on the impounded truck did not correspond to the scheme used by the factory to designate four-wheel-drive models. Appellee introduced evidence that the chassis of the impounded truck had not been defaced and that the identification numbers were in their proper locations. Additionally, appellee introduced evidence establishing his chain of title.

■ Appellant contends that the lower court erred in requiring it to prove its entitlement to possession of the truck by clear and convincing evidence. We agree. Section 7105 of the Motor Vehicle Code does not specify the evidentiary burden which a petitioner seeking the return of a vehicle with falsified identification numbers must meet, and no Pennsylvania appellate court has decided this issue.[2] In forfeiture proceedings, the owner or any third party seeking to reclaim a vehicle must prove, *inter alia*, his interest in the vehicle and lack of culpability by a preponderance of the evidence. *See, e. g., Commonwealth v. Beloff*, 166 Pa.Super. 286, 70 A.2d 689 (1950); *Commonwealth v. One Dodge Station Wagon, Model, 1952, Series 300*, 1 Pa.D. & C.2d 746 (Mercer Co. 1954). *See also* 15 Blashfield, *Automobile Law*

2. In *Pennsylvania State Police v. Bradley*, 6 Pa.Cmwlth. 637, 297 A.2d 554 (1972), the Court, applying 75 P.S. § 303 (repealed and superseded by section 7105), vacated an order awarding possession of an automobile having falsified identification numbers. The Court did not, however, decide the issue presented in this appeal, namely the burden of proof required to reclaim a vehicle pursuant to section 7105 of the Motor Vehicle Code.

& *Practice* § 492.59 (1969). Similarly, in a replevin action, the plaintiff must establish his right to possession by a preponderance of the evidence, whereupon the burden shifts to the defendant to prove his right to retain possession. *See, e. g., Blossom Products Corp. v. National Underwear Co.*, 325 Pa. 383, 386–87, 191 A. 40, 41–42 (1937). *See also* 77 C.J.S., Replevin § 183 (1952); 31 Pennsylvania Law Encyclopedia, Replevin §§ 37, 39 (1960). *Cf. Commercial Banking Corp. v. Active Loan Co. of Philadelphia*, 135 Pa.Super. 124, 133, 4 A.2d 616, 620 (1938) (in action for conversion of three automobiles, Court analogized to replevin, requiring plaintiff to prove by a preponderance of the evidence that its title was superior to that of defendants). Thus, we conclude that a petitioner seeking the return of a vehicle with falsified identification numbers must prove his right to possession by a preponderance of the evidence. Because the lower court erroneously required appellant to prove its case by clear and convincing evidence, we reverse the order of the lower court and remand for further proceedings consistent with this opinion.

Order reversed and case remanded for proceedings consistent with this opinion.