466 A.2d 185

**COMMONWEALTH of Pennsylvania**

v.

**John YORKGITIS, Appellant.**

Superior Court of Pennsylvania.

Argued May 24, 1983.

Filed Sept. 30, 1983.

John Halley, Pittsburgh, for appellant.

Joel Marc Kaufman, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CAVANAUGH, ROWLEY and CIRILLO, JJ.

ROWLEY, Judge:

Appellant, John Yorkgitis, appeals from the denial of his "Petition for Rule to Show Cause Why a Motor Vehicle Should Not Be Returned to Owner" brought pursuant to 75 Pa.C.S. § 7105(b). We affirm in part and reverse in part.

The procedural background of this case is as follows. On October 3, 1979, John Yorkgitis was arrested and charged with violating 75 Pa.C.S. § 7103(a) and (b), i.e., dealing in vehicles with removed or falsified numbers. The vehicle seized by the Commonwealth from appellant's possession was a reconstructed Ford truck consisting of a 1974 Ford truck body and a later-model Ford truck chassis. Although the truck body contained a proper vehicle identification number, the number on the chassis had been welded and ground smooth so as to be totally obliterated. The case proceeded to trial, and at trial appellant's demurrer to the evidence was sustained. Thereafter, counsel for appellant filed a "Petition for Return of Motor Vehicle" pursuant to 75 Pa.C.S. § 7105(b). A rule was issued upon the Commonwealth to show cause why the truck should not be returned to appellant. A hearing on the same was held on July 21, 1980, which resulted in the following order:

AND NOW, this 21st day of July, 1980, upon consideration of the foregoing Petition, it is hereby ORDERED, ADJUDGED AND DECREED that Detective Lennon of the Pittsburgh Police Auto Squad, or his alternate, shall return a certain 1974 Ford Truck bearing serial number SF25YCVO7228PA to John Yorkgitis, together with the title, owner's card and insurance card, upon approval of the Pa. State Police. No towing & poundage to be charged.

By the Court—
O'Brien, J.

In accordance with the trial court's order, the vehicle was inspected by the Pennsylvania State Police who advised appellant by letter that the vehicle did not qualify for a

reconstructed vehicle title because appellant had failed to produce the necessary indicia of ownership. Furthermore, the police informed appellant, because no reconstructed vehicle title could be issued, the truck could not be returned to him.[1] After receiving this letter, appellant again petitioned the trial court for relief, this time entitling his petition as a "Petition for Rule to Show Cause Why a Motor Vehicle Should Not be Returned to Owner." A rule was issued, and a hearing held on February 5, 1981. At the conclusion of that hearing, the trial court indicated that it would take the matter "under advisement." On March 11, 1982, the trial court issued an order denying appellant's second petition. This appeal followed.

On appeal, appellant raises two issues:

   I. Whether the trial court erred in concluding that appellant had not met the requirements for the return of a vehicle under 75 Pa.C.S. § 7105(b)?

   II. Whether the trial court's order of July 21, 1980, directing return of the seized vehicle constituted a final, conclusive order which foreclosed relitigation of the matter?

## I.

■ A petitioner who seeks the return of a seized vehicle under 75 Pa.C.S. § 7105 must prove his right to possession by a preponderance of the evidence. *Petition of Allstate Ins. Co.*, 289 Pa.Super. 329, 433 A.2d 91 (1981). Except as provided for in 75 Pa.C.S. § 1002, all vehicles in the Commonwealth must be titled. 75 Pa.C.S. § 1001. They also must contain a vehicle identification number. 75 Pa.C.S. § 7101. In this case, the truck chassis attached to appellant's 1974 truck body lacked both a title and an identification number. In order to support his claim that he was

1. Apparently, the "title" which was referred to in the trial court's order of July 21, 1980, as being in the possession of the police was the title appellant held for the 1974 truck body. Appellant's ownership of the truck body was never disputed. Appellant never possessed a title for the truck chassis, nor had he ever sought, prior to this litigation, a reconstructed vehicle title.

entitled to possession of the seized vehicle, appellant offered (1) a bill of sale showing that he had purchased a Ford truck chassis from an Edward Drozak for $800.00, and (2) testimony to the effect that he had applied for and received a replacement vehicle identification number plate from the Department of Transportation for the chassis. The Commonwealth, in rebutting appellant's contentions, noted that the bill of sale submitted by the appellant contained no reference to any identification number, thus making it impossible to determine if the truck chassis described in the bill of sale was the truck chassis currently attached to appellant's 1974 truck body. In addition, the Commonwealth noted that the name of the purported seller, Edward Drozak, provided no basis from which a true title history could be determined, since no titles or certificates of junk for a Ford truck had ever been listed in the Bureau of Motor Vehicle's files as having been issued to such a person.[2] As for appellant's contentions with respect to his receipt of the replacement vehicle identification number plate, the Commonwealth observed that such plates cannot be used for reconstructed vehicles, and that the plate which was sent to appellant was issued only in response to misrepresentations made by appellant on a prior application, and, consequently, was void *ab initio*. *Pennsylvania State Police v. Bradley*, 6 Pa.Cmwlth. 637, 297 A.2d 554 (1972).

■ In light of this conflicting evidence, we cannot say that the trial court erred in determining that appellant had failed to meet his burden of proof in establishing a right to possession of the truck *chassis*. Nevertheless, we recognize that the appellant is caught in a "catch-22" type of situation, in that, the Commonwealth currently has possession of a truck *body* which he undeniably owns, but which is attached to a truck chassis for which ownership cannot be established. Because we can find no authority in the law for the Commonwealth's continued possession of the truck

2. There is testimony found in the record indicating that Mr. Drozak had died prior to the hearing, and, thus was unable to testify. There is also some testimony found in the record that Mr. Drozak routinely purchased vehicles without having title formally assigned to him.

body, to the extent that the trial court denied appellant possession of the same, it erred. As a consequence, we would direct the trial court to hold a hearing to determine some equitable method of restoring appellant's property, or the present value thereof, to him.

## II.

█ As for appellant's second contention of error, we find nothing inconsistent in the trial court's orders of July 21, 1980, and March 11, 1982. The order of July 21, 1980, conditioned any return of the seized vehicle upon approval of the state police. That approval was not secured, therefore, the provisions found in the July 21, 1980, order concerning return of the truck were rendered void.

Order affirmed in part and reversed in part. Case remanded for proceedings not inconsistent with this opinion.

Jurisdiction is relinquished.