## Eber v. Turner

*Richard L. Raymond,* for plaintiffs.
*Harry F. Dunn, Jr.,* for defendant.

McGOVERN, *J.*, December 20, 1974—Plaintiffs in the above-captioned matter filed a petition in replevin against Clark Turner, requesting the return of a 1967 Chevrolet coupe purchased by Mr. and Mrs. Eber. The factual background is relatively simple. Howard and Sylvia Rudley, of Philadelphia, Pa., originally owned this 1967 Chevrolet coupe and in July of 1968 suffered the theft of this vehicle. The Rudleys were insured, and their company, the Reserve Insurance Company, ultimately compensated them according to the terms of their policy for the loss of the said vehicle. As a result of this insurance compensation, the Rudleys delivered the certificate of title issued by the Commonwealth of Pennsylvania for this automobile to their insurance company. Plaintiffs, Dale G. and Mary Ellen Eber, on September 23, 1973, purchased what turned out to be this very same 1967 Chevrolet from one Daniel DiPietro, paying therefor $900. which was financed through a local bank. Plaintiffs became aware in December, 1973 that certain vehicles purchased from the aforesaid DiPietro were possibly stolen and, subsequently, plaintiffs voluntarily delivered the automobile to the Pennsylvania State Police Barracks on December 31, 1973, and left it in State Police custody.

There is some confusion initially surrounding the vehicle identification number. However, testimony established that motor vehicles have at least two identification numbers. One (abbreviated PVIN) represents the public vehicle identification number and is used for certificates of title, owners' cards and generally by the public as the numerical identifying feature of a given motor vehicle. There is a second number called a true vehicle identification number (TVIN) or confidential vehicle identifica-

tion number (CVIN). The latter is a numerical identifying feature of a particular motor vehicle which, as the name indicates, is used for verifying identity and is secretly located in different places on various vehicles. The obvious purpose is to be available to verify identities of motor vehicles.

The public vehicle identification number was in accordance with plaintiffs' certificate of title and the apparent purpose of the State Police accepting possession of the vehicle was to confirm its confidential number with a list of vehicles allegedly included in a car theft ring which involved the same DiPietro who initially sold the automobile to plaintiffs. The Pennsylvania State Police confirmed by comparison with the true identification number that the public vehicle identification number of the subject did not conform to the public vehicle identification number originally issued for this automobile. There appeared to have been tampering with the public vehicle identification number plate upon this automobile but there was no indication of alteration of the true vehicle identification number. Subsequent to the State Police investigation, the car was impounded at defendant's garage and there remained until plaintiffs requested return of the vehicle. Defendant's initial reason for declining to return the vehicle was the fact that storage was due and owing for his custodial possession.

Defendant, on June 26, 1974, contacted the insurance carrier for the Rudleys (original owners of the subject vehicle) and paid them $300. plus the cost of towing and storage for the subject vehicle in return for which the insurance company transferred their Pennsylvania certificate of title to defendant. A new certificate of that title was issued July 26, 1974. Plaintiffs having been thusly frus-

trated brought this action in replevin on July 19, 1974 for return of said vehicle.

The sole issue for determination by this court is who has a superior title and right to possession of this 1967 Chevrolet.

It has been suggested that The Vehicle Code renders the possession by defendant illegal pursuant to section 301, Act of April 29, 1958, P.L. 58, sec. 301, 75 PS §301. We do not see how that section is controlling in the present case since we are here to determine the superior right of the vehicle, not the legality of possession. Indeed, if defendant's possession of this car is illegal, so also was plaintiffs', since the testimony clearly indicates that the altered public vehicle identification number existed during both possessions. The testimony, in any event, indicates that defendant has now applied to the Department of Motor Vehicles for a special identification number to rectify this situation and, in any event, the car was technically placed in defendant's possession by the Commonwealth of Pennsylvania and, without specific proof to the contrary, we are constrained to assume such placement was not an illegal act.

Defendant's transaction was two-fold. The one, serving as custodian of an impounded vehicle. The other a transfer of a certificate of title, which is and remains unaltered and which emanated from the original owner (Rudley). Both transactions were apparently valid and licit. This appears to be a just disposition, though technical, keeping in mind that the operative agency here was the law enforcement arm of the Commonwealth of Pennsylvania. It is difficult, therefore, to see how the property interests of either plaintiffs or defendant can be adversely affected by the existence of the statutory

provision concerning possession of a vehicle with a tampered plate.

It is clear that the claimant petitioner bears the burden of establishing a general or special property right in this motor vehicle together with a right to immediate possession: International Electronics Company v. N. S. T. Metal Products Company, Inc., 370 Pa. 213 (1952); Brandywine Lanes, Inc. v. Pittsburgh National Bank et al., 437 Pa. 499 (1970); Mellon National Bank and Trust Company v. Wagner, 198 Pa. Superior Ct. 290 (1962).

Thus, considering The Vehicle Code provision hereinabove set forth, in light of the decision rendered in Pennsylvania State Police v. Bradley, 6 Pa. Commonwealth Ct. 637 (1972), it would be error for this court to return an allegedly stolen motor vehicle, or one with a defaced or replaced serial number, to a claimant against whom an information for arrest had been filed in connection with his possession of that motor vehicle or until proof has been presented that a special plate number has been issued by the Secretary of Transportation. That technicality alone would prevent, pursuant to the Commonwealth Court's opinion, returning custody of the vehicle to plaintiffs until there had been presented by plaintiffs proof of the issuance of the special vehicle identification number issued pursuant to The Vehicle Code.

The facts of this case rather clearly dispose of the basic question as to immediate right of possession as well as title. The original owner in 1968 transferred his valid Pennsylvania certificate of title to the Reserve Insurance Company after the car had been stolen, in return for which the Reserve Company paid the original owner pursuant to that owners' insurance policy. Defendant in this matter

subsequently, in 1974, paid the Reserve Insurance Company the sum of $300. together with costs of towing and storage in return for which the Reserve Insurance Company assigned the same valid certificate of title to defendant, who subsequently filed the said certificate with the Department of Motor Vehicles and obtained a new certificate of title in July of 1974. Thus stated, there is established a clear and valid chain of title which is, for the most part, uncontroverted in the testimony of this matter.

Plaintiffs on the other hand purchased this automobile from a Mr. DiPietro. The DiPietro title rests its origins in some degree of nebulosity. But, since the possession of the motor vehicle was separated from the titled owner surreptitiously, one must conclude that the origins of plaintiffs' title are at best suspect, although it is clear from this record that plaintiffs had no knowledge or reason to know of the defective origination of title.

The law by tradition and constant restatement clearly provides that in the absence of circumstances giving rise to estoppel, a seller can give no better title than he has. Thus, one purchasing a stolen automobile will, as a general rule, acquire no title: Hertz Corporation v. Hardy, 197 Pa. Superior Ct. 466 (1962). This being the case, plaintiffs cannot establish their ownership or their right to possession and we are compelled to the conclusion, as stated in the Hertz case, supra, that "a purchaser from a thief, or any subsequent purchaser, has no ownership and cannot hold the property against the true owner." It is further noted that in the Commonwealth of Pennsylvania a certificate of title is evidence of ownership and thus the mere possession of the certificate of title will not preclude the

true owner from establishing his right. The testimony not only indicated the chain of title from the original owner as above set forth, but in addition, pursuant to their investigation, the State Police contacted the original owner (Rudley) who was able to present the motor vehicle's owner's card issued by the Commonwealth of Pennsylvania, apparently unaltered, and indicating that a certificate of title to the subject vehicle whose confidential vehicle identification number or true vehicle identification number as the case may be, indeed conforms to the original public vehicle identification number as it existed prior to alteration and prior to the theft in 1968. Plaintiffs are left in the position of being only able to present the altered public vehicle identification number which, as above noted, does not conform to the confidential vehicle identification number and a certificate of title showing the altered identification plate.

Defendant, therefore, having produced a certificate of title shown by the evidence to have emanated from the original owner, with a cancelled check representing the consideration paid to defendant's immediate seller, has established a superior title and immediate right to possession.

This results not only by virtue of the foregoing purchase and issuance of a valid certificate of title but also, and independently, from defendant's superior right to possession by virtue of the statutory provision prohibiting the Pennsylvania State Police from returning this vehicle to plaintiffs who are unable to produce a special vehicle identification number issued where there is an altered public vehicle identification number plate. Defendant, in either event, has lawful possession and control by right of delivery from the Pennsylvania State

Police. Plaintiffs can establish no valid title to a stolen vehicle. Defendant's right as evidenced by his valid certificate of title is a distinct ground and nonetheless sufficient alone to justify defendant's continued possession.

Therefore, in light of the foregoing and after a full hearing of this matter, one is compelled to conclude that defendant has established his title and superior right to possession for both reasons and we enter the following:

## ORDER

And now, to wit, December 20, 1974, plaintiffs' petition in replevin is dismissed and,

Defendant's title and right to possession to 1967 Chevrolet coupe TVIN 164877Y140121 is superior to that of plaintiffs'.